(25 Misc. Rep. 665.)

### HARGRAVES MILLS v. HARDEN.

(Supreme Court, Trial Term, New York County. December, 1898.)

1. FOREIGN CORPORATIONS—RIGHT TO SUE—EQUAL PROTECTION OF THE LAWS.
   Laws 1892, c. 687, § 15, denying to a foreign corporation doing business in the state without a certificate the right to sue in the state on any contract made by it in the state until it shall have procured a certificate, in so far as applicable to a suit in the state for goods sold here, but manufactured outside of the state, is in violation of Const. U. S. Amend. 14, providing that no state shall deny to any person within its jurisdiction the equal protection of the laws.

2. SAME—REGULATION OF COMMERCE.
   Laws 1892, c. 687, in so far as it attempts to impose burdens on sales within the state of goods manufactured outside of the state by a foreign corporation, is void, as in conflict with the commerce clause of the federal constitution.

Action by the Hargraves Mills against James Harden. On motion. Granted.

Charles O. Brewster, for plaintiff.
George W. Van Slyck, for defendant.

DUGRO, J. This state cannot prohibit a foreign corporation from selling within the state merchandise to be manufactured without the state; nor can it impose conditions which operate directly upon such a sale, so as to be a burden (see grounds of Mr. Justice Matthews, in Manufacturing Co. v. Ferguson, 113 U. S. 727, 5 Sup. Ct. 739; Gunn v. Machine Co., 57 Ark. 36, 20 S. W. 591; Varnish Co. v. Connell, 10 Misc. Rep. 553, 32 N. Y. Supp. 492; Robbins v. Taxing Dist., 120 U. S. 489, 7 Sup. Ct. 592; Commerce Clause of the Federal Constitution, by Prentice & Egan, 27, 28, 30, 178 and 195); nor can it deny to such corporation the right to maintain an action upon such a contract of sale until the corporation has procured the certificate referred to in section 15, c. 687, Laws 1892; for a corporation is a person, within the meaning of the word as used in the fourteenth amendment of the United States constitution, which provides that "no state shall * * * deny to any person within its jurisdiction the equal protection of the laws." Chapter 687, Laws 1892, attempts to affect foreign corporations in the way referred to, and, so far as it does, conflicts with that clause of the constitution of the United States (section 8, art. 1) which reads, "The congress shall have power * * * to regulate commerce * * * among the several states * * *," and, to the extent of the conflict, is of no force. Smith v. Alabama, 124 U. S. 465, 8 Sup. Ct. 564, does not seem contrary to the foregoing. Of course, "the state is not prohibited from discriminating in the privileges it may grant to foreign corporations as a condition of their doing business * * * within its limits, provided, always,

such discrimination does not interfere with any transaction by such corporations of interstate or foreign commerce." Pembina Consol. Silver Mining & Milling Co. v. Pennsylvania, 125 U. S. 189, 8 Sup. Ct. 737.

Motion granted.