(40 Misc. Rep. 221.)

JONES v. KEELER.

(Supreme Court, Appellate Term.   March, 1903.)

1. FOREIGN CORPORATIONS—RIGHT TO SUE—DOING BUSINESS IN STATE.
    A foreign stock corporation, which solicits orders in the state by its traveling salesman, but which orders are not binding until approved by the home office, and which has no office or place of business in the state, is not doing business in the state within Laws 1901, p. 1326, c. 538, forbidding such a corporation doing business in the state from suing on a contract made therein without obtaining a certificate of authority from the secretary of state.

**2. SAME—CONTRACTS OF AGENT.**
> A corporation is not bound by the promise of a traveling salesman to pay a person commissions on a sale to a third person, if he will assist the salesman to effect the sale.

**3. ACCORD AND SATISFACTION.**
> The acceptance by the vendor of the vendee's check for a smaller sum than the amount claimed to be due on a sale, after a dispute has arisen as to such amount, is an accord and satisfaction concluding the vendor, when accompanied with a letter and a statement that such check was in full for the goods sold.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Richard Jones against Stanley E. Keeler. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Eustace Conway, for appellant.
Sumerwell, Shoup & Vermilyea, for respondent.

GILDERSLEEVE, J. Judgment was rendered in the court below in favor of the plaintiff and against the defendant for $210 and costs. The defendant had purchased from plaintiff's assignor, on December 6, 1901, a quantity of lumber, and was indebted therefor in the sum of $238.49. The plaintiff's assignor, the Whiting Lumber Company, is a corporation organized and existing under the laws of the state of Tennessee. It is the claim of the defendant that, as the Whiting Lumber Company had never procured the necessary certificate permitting it to bring suit in this state upon a contract made in this state, it is prohibited from bringing this action by reason of chapter 687, p. 1800, of the Laws of 1892, as amended by chapter 538, p. 1326, of the Laws of 1901. The sale of lumber in question was made by one Casselbury, a traveling salesman representing the Whiting Lumber Company. Casselbury took the order of the defendant in the city of New York, and transmitted it to the home office of his principal in Elizabethtown, Tenn., where it was accepted and approved, and thereupon the said lumber was shipped and delivered to the defendant. The Whiting Lumber Company had no office or other place of business in the state of New York. It simply solicited orders, by agents or traveling salesmen, which were sent to its home office in Elizabethtown, Tenn., and the acts of the salesmen and agents did not become binding contracts until accepted and approved by the Whiting Lumber Company. Such a transaction does not constitute "doing business within this state," within the meaning of the statute. See Tallapoosa Lumber Co. v. Holbert, 5 App. Div. 559, 39 N. Y. Supp. 432; People ex rel. Cotton Oil Co. v. Roberts, 25 App. Div. 15, 48 N. Y. Supp. 1028; Vauhn Machine Co. v. Lighthouse, 64 App. Div. 141, 71 N. Y. Supp. 799. The action may be maintained.

The principal objection of the defendant to the validity of the judgment arises from an alleged counterclaim set up by the defendant, amounting to the exact sum of $210, which, the defendant asserts, the court should have allowed. It appears that Casselbury, the as-

signor's agent who made the sale to the defendant, while in defendant's office in the city of New York, promised the defendant that, if the sale of a quantity of oak flooring was made to Stevens & Son by his principal, the defendant should have $3 a thousand by way of commission. The sale was made to Stevens & Son, and the commission amounts to $210. The Whiting Lumber Company had not previously sold lumber to Stevens & Son, and the latter were ignorant of the arrangement between Casselbury and the defendant as to commissions, nor did the Whiting Lumber Company have any knowledge of the said agreement. It is the claim of the assignor of plaintiff that this alleged agreement was not brought to its attention until the beginning of this suit. On the other hand, the defendant asserts that the assignor had not only constructive, but actual, notice. The actual notice alleged consists of a letter (Exhibit 2, annexed to the agreed statement of facts) written by defendant to plaintiff's assignor on December 13, 1901, about the time of the delivery of the oak flooring to Stevens & Son. After referring in this letter to other transactions, the defendant says:

"Your Mr. Casselbury was trying to sell me some short oak flooring, and seemed very anxious to do so, and asked me to call up my party, which I did in his presence, he hearing the person's name and telephone number, and at that time the party who did the buying was out of the city on an automobile excursion. Mr. Casselbury stayed here longer than he anticipated, and took advantage of the party named, and went up and sold the lumber direct. If you consider this fair and honest business, all right; but I don't.".

It will be observed that this letter contains no reference to the alleged promise made by Casselbury as to commissions, nor in it is any claim made upon the Whiting Lumber Company for commissions. Under the facts established by the admissions and evidence, it must be held that the alleged agreement between Casselbury and defendant was not binding on the Whiting Lumber Company. Casselbury was a traveling salesman, and had no authority to make agreements for the giving of commissions. No such agreement was ever adopted or confirmed by the Whiting Lumber Company. The defendant knew very well that Casselbury was simply a traveling salesman for the Whiting Lumber Company, and was not justified in relying upon Casselbury's assumption of authority. If defendant did rely upon Casselbury's statement, he did so at his own risk. Am. & Eng. Encyc. of Law (2d Ed.) 987.

Even accepting this view of the nonliability originally of the corporation on this agreement made by Casselbury, it is nevertheless claimed by defendant that plaintiff should not prevail, for the reason that there was an accord and satisfaction. The precise amount claimed to be due to the Whiting Lumber Company from defendant at the time the difference arose between it and defendant was $239.49. On January 7, 1901, defendant informed Mr. Whiting, president of the corporation, in an interview, of his claim. Mr. Whiting refused to allow it. The defendant, on March 25, 1902, sent to the Whiting Lumber Company his check for $28.49, the difference between the unpaid balance due on the lumber and the $210 the defendant claimed by way of commission. On this check the defendant wrote the following: "In full payment of car No. 6423." This was the number

of the car upon which the assignor of plaintiff shipped the lumber to defendant. The Whiting Lumber Company kept this check. The letter above mentioned of March 25th from defendant to plaintiff's assignor, was as follows, viz.: "Inclosed please find statement of account, and also my check to balance same." The statement contained these words: "Less $3 per M on 70 M. feet of oak flg sold to H. E. Stevens & Son by Mr. Casselbury, your former salesman." It appears that the check bears the indorsement of the "Whiting Lumber Company, F. R. Whiting, Prest.," and underneath this indorsement the following: "Pay to American Exchange Nat'l Bank or order. Sumerwell, Shoup & Vermilyea." The check is made payable to the Whiting Lumber Company. The check is dated "New York, March 24th, 1902," and on the back appears the following: "Received payment per New York Clearing House, Apr. 3, 1902, Am. Ex. Nat'l Bk, E. Burns, Cash." When the respective indorsements by the Whiting Lumber Company and Sumerwell, Shoup & Vermilyea were made does not appear. The action was commenced on April 11, 1902, after the check had been paid.

In the case of Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785, it was held that:

"Where a debtor offers a certain sum of money in full satisfaction of an unliquidated demand, and the creditor accepts and retains the money, his claim is canceled, and no protest, declaration, or denial on his part, so long as the condition is insisted upon by the debtor, can vary the result."

In the case of Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715, 51 Am. St. Rep. 695, we find the following:

"A demand is not liquidated, even if it appears that something is due, unless it appears how much is due; and when it is admitted that one of two specific sums is due, but there is a genuine dispute as to which is the proper amount, the demand is regarded as unliquidated, within the meaning of that term as applied to the subject of accord and satisfaction. If, when the amount of an indebtedness is in dispute, the debtor sends the creditor a check for the sum conceded by the debtor to be due, with an unsigned receipt 'in full,' and a letter requesting the signing and return of the voucher, the offer of payment is to be deemed made upon the condition of its acceptance in satisfaction of the debt; and if the creditor retains the papers, and, after claiming a larger sum, and the refusal of the debtor to pay anything more, indorses and collects the check, such acceptance of the check imports an election to be bound by the condition on which it was offered, and constitutes an accord and satisfaction, which will not be affected by the creditor's subsequently sending the debtor a receipt 'on account,' unless such receipt is acquiesced in by the debtor."

The doctrine laid down in these two cases is somewhat limited by the case of Eames Brake Co. v. Prosser, 157 N. Y. 290, 51 N. E. 986. The rule is there laid down as follows:

"Ordinarily, the retention of a check inclosed in a letter, which refers to the amount as the balance due on accounts between the parties, will not be held to be an accord and satisfaction so as to bar an action for the balance due. It is only where a dispute has arisen between the parties as to the amount due, and a check is tendered on one side in full satisfaction of the matter in controversy, that the other party will be deemed to have acquiesced in the amount offered by an acceptance and retention of the check."

In the case at bar there was a genuine dispute as to which one of the two sums was due, and the defendant sent his check for the

amount which he claimed to be due, and stated that it was in full payment of the account. The creditor, to wit, the plaintiff's assignor, received the check, did not return the same to the defendant, nor reply to the accompanying letter and statement of defendant, but indorsed the check, and got the money thereon, before the service of the summons in this action. This constitutes an accord and satisfaction, within the meaning of the case of Eames Brake Co. v. Prosser, above quoted. It must be held, therefore, that, notwithstanding the original nonliability of the corporation on the agreement made by Casselbury, there was an accord and satisfaction, and the plaintiff was not entitled to recover. The judgment is reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed, and new trial granted, with costs to appellant to abide event. All concur.