(40 Misc. Rep. 685.)

## CROCKER v. MULLER.

(Supreme Court, Appellate Term.  May, 1903.)

1. CORPORATIONS—PROOF OF EXISTENCE.
   Code Civ. Proc. § 1776, providing that, in an action by or against a corporation, plaintiff need not prove the existence of the corporation, unless the answer is verified, and contains an affirmative allegation that plaintiff or defendant is not a corporation, applies to an action by an assignee of a corporation.

2. SAME—CERTIFICATE OF INCORPORATION—DOING BUSINESS IN STATE.
   A corporation engaged in the publishing business, which has all its books, offices, etc., in Massachusetts, and employs men in New York to obtain orders for its publications, which orders are addressed to it in Massachusetts, is not doing business in New York, so as to require it to produce a certificate of incorporation, that it may maintain an action.

3. ASSIGNMENT—PROOF.
   Assignment of a chose in action is sufficiently proved by testimony of the assignor that he intended to assign his title.

4. MAILING LETTERS—EVIDENCE.
   Defendant cannot defeat an action for the price of a book he ordered, because it did not contain a sketch of him; the contract providing that he was to send the data to plaintiff within a certain time, and he testifying merely that he mailed it, without showing to whom or when, or that the postage was paid.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Charles M. Crocker against Hugo R. Muller.  From a judgment for defendant, plaintiff appeals.  Reversed.

Argued before FREEDMAN, P. J., and TRUAX and GILDERSLEEVE, JJ.

Gantz, Neier & McKennell, for appellant.

Hugo R. Muller, in pro. per.

FREEDMAN, P. J.  This action was brought to recover the value of five volumes of a publication issued by plaintiff's assignor, entitled "Universities and their Sons."  The books were sold by an agent of R. Herndon Company, of Boston, Mass., and the contract of purchase was signed by the defendant.  After a trial the court below rendered a judgment in favor of the defendant.  The defendant admits the making of the contract, the delivery of the first four volumes of the work, and that he has not paid for the same.  In his answer he raises the question of the incorporation of the plaintiff's assignor and the validity of the assignment, and also urges the claim that the plaintiff could not recover by reason of failure

to fulfill his contract to insert the name of the defendant and a biographical sketch of his life in the book. It is evident from an examination of the record that the defendant failed to sustain any of the allegations of his answer.

The plaintiff, under the pleadings, was not compelled to prove the incorporation of his assignor. Under section 1776 of the Code of Civil Procedure, the plaintiff need not prove upon a trial the existence of a corporation, unless the answer is verified, and contains an affirmative allegation that the plaintiff or the defendant, as the case may be, is not a corporation. No such allegation was set forth in the answer in this case. Neither was it necessary for the plaintiff to produce a certificate of incorporation from the Secretary of State in order to show that his assignor was entitled to do business in this state. The plaintiff's assignor was a publishing house, having all its books, offices, etc., in Boston. It had no office in this state. It did employ certain men in this state, who obtained orders for its publications. The order signed by the defendant was addressed to the corporation in Massachusetts. It was not "doing business" within this state, so as to require a certificate, as aforesaid. Vaughn Machine Co. v. Lighthouse, 64 App. Div. 138, 71 N. Y. Supp. 799; Droege v. Ahrens & Ott Mfg. Co., 163 N. Y. 466, 471, 57 N. E. 747; Hargraves Mills v. Harden, 25 Misc. Rep. 665, 56 N. Y. Supp. 937. The assignment of the claim herein to the plaintiff was sufficiently proven. "An assignment of a chose of action will be held sufficient where the assignor testifies that he intended thereby to transfer his title thereto, as he is thereby estopped from claiming differently, and the debtor is protected from a subsequent action by the assignor." Riker v. Curtis, 17 Misc. Rep. 134, 39 N. Y. Supp. 340. It is practically admitted by the plaintiff that the corporation selling the books was under an obligation, according to their contract, to print the name of the defendant and his biographical sketch in some one of its books, and that it did not do so. But there is no proof in the case to charge the plaintiff's assignor with an omission to perform its contract, for the following reason: The defendant admitted upon the trial that, in order to have the defendant's name and sketch printed, he must fill out and send to the company a printed slip which was left with him for that purpose by the agent who took his subscription. The data, the publishers stipulated, should be sent so that they would receive it within 60 days. The defendant failed to show that he complied with those requirements. He says he took the printed slip, wrote his name, address, year of his birth, and graduation at the college, etc., and mailed it. It does not appear to whom he mailed it, nor when, nor that the postage thereon was prepaid.

The judgment, upon the proof offered, should have been for the plaintiff. Judgment reversed. New trial ordered, with costs to the appellant to abide the event.

Judgment reversed. New trial ordered, with costs to appellant to abide event. All concur.