(99 App. Div. 507)

HARVARD CO. v. WICHT.

(Supreme Court, Appellate Division, Second Department. December 15, 1904.)

1. FOREIGN CORPORATIONS—BUSINESS WITHIN STATE.

Where a manufacturing corporation was organized and had its principal place of business in Ohio, its employment of an agent residing in the city of New York, who sold goods for it under a written contract addressed to and accepted by the corporation in Ohio, did not constitute "doing business" in New York, within Corporation Law (Laws 1896, p. 856, c. 908) § 181, requiring foreign corporations doing business in New York to pay a specified license fee.

Appeal from Municipal Court, Borough of Queens, Third District.

Action by the Harvard Company against Charles W. Wicht. From a Municipal Court judgment dismissing plaintiff's complaint, it appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Daniel S. O'Brien, for appellant.
Robert McC. Robinson, for respondent.

WOODWARD, J. This is an action sounding in tort to recover for goods sold and delivered to the defendant by the plaintiff under a written agreement of sale, which was in the form of an order addressed to "The Harvard Co., Canton, Ohio," and which provided, among other things, that "this order is not subject to countermand, and is binding upon said Company when received and accepted by it at Canton, Ohio." There is no dispute that the goods were delivered, and that the defendant owes some part of the purchase price; but the defendant urges—and this was the ground for his motions to dismiss the complaint—that the plaintiff, being a foreign corporation, was bound to allege in its complaint that it had complied with the provisions of section 181, c. 908, p. 856, of the Laws of 1896, and that it had paid the license fee required by such act as a condition precedent to the maintenance of this action; and, as the complaint has been dismissed, with

¶ 1. See Corporations, vol. 12, Cent. Dig. §§ 2520, 2524, 2525.

costs, it is evident that this was the view taken by the learned court below.

The law is well settled, however, that, under the circumstances disclosed by the evidence in this case, the plaintiff was not "doing business" in this state, within the meaning of the statute. It was a manufacturing corporation organized under the laws of the state of Ohio, and had its principal, and, so far as the state of New York is concerned, its only, office in Canton, Ohio. It employed an agent who resided in the city of New York, who sold the goods in question under the provisions of the written contract addressed to and accepted by the plaintiff in the state of Ohio, and under the authorities this was not "doing business" in the sense that that phrase is used in the statute cited. Crocker v. Muller, 40 Misc. Rep. 686, 83 N. Y. Supp. 189; Vaughn Machine Co. v. Lighthouse, 64 App. Div. 138, 71 N. Y. Supp. 799; Droege v. Ahrens & Ott Mfg. Co., 163 N. Y. 466, 471, 472, 57 N. E. 747, and authorities there cited; The Hargraves Mills v. Harden, 25. Misc. Rep. 665, 56 N. Y. Supp. 937; Cooper Manufacturing Co. v. Ferguson, 113 U. S. 727, 5 Sup. Ct. 739, 28 L. Ed. 1137. The plaintiff was not doing business in this state in the sense contemplated by the statute, and, as the complaint appears to have been dismissed upon an erroneous theory, the judgment cannot stand.

The judgment appealed from should be reversed, and a new trial ordered; costs to abide the event. All concur.