AMERICAN CONTRACTOR PUB. CO. v. BAGGE et al.

(Supreme Court, Appellate Term. December 7, 1904.)

1. FOREIGN CORPORATIONS—BUSINESS WITHIN STATE—SOLICITING ORDERS.

   Where a foreign corporation was engaged in publishing a magazine in Illinois, and employed an agent in New York, who merely solicited orders for advertisements, which orders were required to be forwarded to Illinois for acceptance, and, if accepted, the advertisements appeared in the magazine, such transactions did not constitute "doing business" in New York, within Gen. Corp. Law, Laws 1892, p. 1800, c. 687, requiring foreign corporations doing business in New York to obtain a certificate from the Secretary of State and pay a license tax.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by the American Contractor Publishing Company against Ernest Bagge and another. From a Municipal Court judgment in favor of defendants, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Baggott & Ryall, for appellant.

FREEDMAN, P. J. The defendants in this action moved for a dismissal of the complaint upon the ground that it appeared that the plaintiff was a foreign corporation, engaged in business in this state, and had been so engaged for more than 13 months last past, without a certificate from the Secretary of State authorizing it to do business, and without having paid a further license tax or otherwise having complied with the provisions of the General Corporation Law, Laws 1892, p. 1800, c. 687. This motion was made both at the close of plaintiff's case and at the close of the trial. Subsequently the court gave a judgment against the plaintiff and in favor of the defendants upon the above ground, which was the only ground upon which the defendants made the motion.

The proof in the case does not show that the plaintiff was doing business in this state in the way that made the obtaining of such

a certificate or payment of such a tax necessary. It had an agent in this city, who merely solicited orders for advertisements, which orders were required to be forwarded to Chicago, Ill., for acceptance, and, if accepted, the advertisements appeared in a monthly edition of a magazine published in that city by the plaintiff. This was not "doing business" within this state, and comes within the decisions to that effect. Jones v. Keeler, 40 Misc. Rep. 221, 81 N. Y. Supp. 648, and cases there cited.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.