JACOB BERGER *vs.* PENNSYLVANIA RAILROAD COMPANY.

MAY 28, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Foreign Corporations.  "Doing Business."  Service of Process.  Jurisdiction.*

A foreign corporation which merely solicits contracts in this State to begin and continue out of the State is not "doing business" in this State within the meaning of the court and practice act, section 526, which provides "When a writ of summons shall be issued against a foreign corporation doing business in this state, it shall be served by leaving an attested copy thereof with any clerk or agent in this state of such corporation, or with the attorney of such corporation appointed under the law upon whom service may be made as against such corporation."

ASSUMPSIT.  Heard on demurrer of plaintiff to defendant's plea to jurisdiction, and demurrer overruled.

PER CURIAM.  This is an action originally brought in the District Court of the Sixth Judicial District by Jacob Berger, a resident of Providence, State of Rhode Island, against the Pennsylvania Railroad Company, a foreign corporation having its principal office in Philadelphia, in the State of Pennsylvania, for failing to deliver, in the discharge of its obligations as common carrier, twelve bales of feathers to the plaintiff in Newark, New Jersey.  The declaration alleges that on December 12, 1904, the plaintiff delivered to the New York, New Haven & Hartford Railroad Company, a corporation doing business in Rhode Island, as a common carrier of freight, twelve bales of

feathers, consigned, in the bill of lading issued by the said New York, New Haven & Hartford Railroad Company, to the plaintiff at Newark, in the State of New Jersey; that the defendant, The Pennsylvania Railroad Co., a connecting carrier of and with the said N. Y., N. H. & H. R. R. Co., received the said bales of feathers from the said N. Y., N. H. & H. R. R. Co. at some point between said Providence and said Newark, and that it failed to deliver the bales in question to the plaintiff or his authorized agent.

Service of the writ of summons was made by copy "at the office of the within named defendant corporation in the hands and possession of a clerk employed by said defendant within my precinct."

The defendant files a plea to the jurisdiction in which it sets forth that the defendant company, a common carrier, is a foreign corporation, having its principal office in Philadelphia in the State of Pennsylvania; that it does not own, control, or operate any line of railroad or other means of transportation in the State of Rhode Island, and that it has no means whatsoever of conducting its said business in said State of Rhode Island; that it has and does solicit in the State of Rhode Island freight for ultimate shipment over its lines of railway running from Jersey City in the State of New Jersey; that its district freight solicitor in the State of Rhode Island has an office at number 4 Westminster street in the city of Providence, over which is a sign reading "Pennsylvania Railroad Freight Agency;" that the district freight solicitor of the defendant solicits consignors of freight to have their bills of lading direct that freight for points beyond said Jersey City shall be delivered to the corporation at said Jersey City; and that consignors of freight in the State of Rhode Island receive the bill of lading of the N. Y., N. H. & H. R. R. Co.

To this plea the plaintiff demurs; and the question raised is whether or not there has been such service of legal process upon the defendant corporation as to make it answerable to the plaintiff in the courts of this State, in conformity with the provision of the court and practice act, chapter 29, section 526, page 155, as follows:

"And when a writ of summons shall be issued against a foreign corporation doing business in this state, it shall be served by leaving an attested copy thereof with any clerk or agent in this state of such corporation, or with the attorney of such corporation appointed under the law upon whom service may be made as against such corporation."

(1)  The validity of the service of the writ in this case depends upon the question whether the defendant corporation. was "doing business" in this State within the meaning of section 526 of the court and practice act, the sole duty of its agent here being to solicit customers to instruct the carrier who should transport their merchandise to Jersey City to deliver their consignments there to the defendant for further transportation. We do not so interpret the statute. It can not be said that a corporation which is merely soliciting contracts to begin and continue entirely out of this State is doing business in the State. If it were so, every corporation located outside this State which should insert in a Rhode Island newspaper an advertisement of its business would come equally within the purview of the act.

It has been repeatedly held that "when service is made within the State upon an agent of a foreign corporation, it is essential in order to support the jurisdiction of the court to render a personal judgment, that it should appear . . . that the corporation is engaged in business in the State." *St. Clair* v. *Cox*, 106 U. S. 350 (Statute of Michigan), and cases *infra.*

The mere solicitation of business by agents of a foreign corporation is not such "doing business" within the State as to subject the foreign corporation to the jurisdiction of the courts of the State in which the business is solicited. *Boardman* v. *S. S. McClure Co.*, 123 Fed. Rep. 614 (Statute of Minn.); *Crocker* v. *Muller*, 83 N. Y. Supp. 189; *Vaughan Machine Co.* v. *Lighthouse*, 71 N. Y. Supp. 799; *Hargraves Mills* v. *Harden*, 56 N. Y. Supp. 937; *Cummer Lumber Co.* v. *As. M. F. Ins. Co.* 73 N. Y. Supp. 668; *Am. Contractor Pub. Co.* v. *Bagge*, 91 N. Y. Supp. 73; *Harvard Co.* v. *Wicht, Ibid,* 48; *Milliken* v. *Fullerton, Ibid,* 1104; *Doe* v. *Springfield Boiler & Mfg. Co,.* 104

Fed. Rep. 684; *Beard* v. *U. & A. Pub. Co.*, 71 Ala. 60; *Sullivan* v. *Sullivan Timber Co.*, 103 Ala. 371; *International Cotton Seed Oil Co.* v. *Wheelock*, 124 Ala. 367.

The same rule has been repeatedly applied to railroad corporations, having agencies like the one in the case at bar, where the agent has no power to make contracts of any kind, but only the right to solicit business to be done entirely out of the State. *N. K. Fairbank & Co.* v. *Cincinnati N. O. & T. P. Ry. Co.*, 54 Fed. Rep. 420; *Wall* v. *Chesapeake & Ohio Ry. Co.*, 95 Fed. Rep. 398.

We see no reason to differ from the principles laid down in the above cases, and we find no authority cited by the plaintiff's attorney in this case which in any way impugns them.

The demurrer to the defendant's plea to the jurisdiction must be overruled; the defendant's plea to the jurisdiction is sustained, and the case is remanded to the District Court of the Sixth Judicial District, with direction that the same be dismissed.

*Page and Page and Cushing*, for plaintiffs.

*Tillinghast and Murdock*, for defendant.