JOSEPH HEDGE AND MARY E. HEDGE, PLAINTIFFS, v. PENNSYLVANIA RAILROAD COMPANY, RICHMOND, FREDERICKSBURG AND POTOMAC RAILROAD COM-PANY AND ATLANTIC COAST LINE RAILROAD COM-PANY, CORPORATIONS, DEFENDANTS.

Decided March 10, 1926.

**Process—Foreign Corporations—Negligence—Connecting Rail-roads With Those Operating in the State, but Who Maintain no Office nor Engage in Any Business Here, Though the Connecting Company Sell Coupon Tickets Here Good for Passage Over Such Roads, is Not Engaged in Business Within the State, and the Connecting Company's Agent Here is Not Their Agent to Accept Service of Process—Plaintiff's Alleged Injury Occurred Outside This State on Lines of Company Not Operating Here.**

Before Mr. Justice MINTURN, sitting alone.

For the rule, *Haight, Carey & Hartpence.*

*Contra, Alexander Simpson.*

PER CURIAM.

The application is made upon a rule to show cause hereto-fore granted why the summons and complaint served upon the alleged agent of the two·defendant railroad companies other than the Pennsylvania Railroad Company should not be set aside upon the ground of the invalidity of the service.

Testimony was taken on the rule to show cause, from which it appears that the plaintiff, a resident of New Jersey, purchased a return ticket to Jacksonville, Florida, and, while traveling on the line of one of the defendants in the neighborhood of Richmond, Virginia, was injured by the alleged negligence of the railroad. She purchased her ticket from a ticket agent in Jersey City station of the Pennsyl-vania Railroad Company, the initial carrier in the case, from

Jersey City to Jacksonville, Florida, and service upon all three railroad companies was made upon the ticket agent in that station who was concededly the agent of the Pennsylvania Railroad Company, the initial carrier.

The Pennsylvania Railroad Company maintains a station in Jersey City and maintains therein the agent who sold to the plaintiff the coupon ticket for transportation over its own line to Washington, D. C., and thence over the Richmond, Fredericksburg and Potomac Railroad Company to Richmond, Virginia, and thence over the Atlantic Coast Line to Jacksonville, Florida. The practice has been for the Pennsylvania Railroad Company to sell tickets in this state to points on its own line, and also, in common with other railroad companies, under traffic arrangements, to sell through coupon tickets to points beyond its own line on connecting railroads, but that it never sells tickets to a point upon a connecting line unless in conjunction with a ticket for transporting originating from a point on its own line. When it collects the full fares for through coupon tickets it eventually accounts to the connecting carriers by remitting to them the amount of the fares collected on their tickets for mileage traveled over their railroads.

It is further shown that the two railroad companies other than the Pennsylvania are foreign corporations; that they do not operate or maintain any trackage in New Jersey, nor do they own property or maintain offices or other places of business in this state; that they have no employes and transact no business in this state except such as may be inferred from the incidental sale of coupon tickets over their lines by agents of other railroads operating in New Jersey, such as, in this instance, the Pennsylvania railroad.

The question presented upon the rule is whether the ticket agent of the Pennsylvania railroad, selling the ticket in the manner indicated, was the agent of the two defendant foreign railroad companies, and whether the said railroads are doing business in this state so as to make him their agent within the contemplation of our legislation upon that subject.

An examination of the authorities in the United States Supreme Court, as well as in the courts of such states as have had the matter under consideration, seems to lead to the conclusion that the rule is settled beyond controversy that the agent in this instance was not the agent of the two foreign railroad companies for the purpose of accepting service or process in an action at law; that the two defendant companies are not doing business in the State of New Jersey within the contemplation of our legislation upon that subject, and that the service upon the said companies under the circumstances is a nullity. *Phila. and Reading R. R. Co.* v. *McKibbon,* 243 *U. S.* 264; *General Investment Co.* v. *Lake Shore and Michigan Railroad Co.,* 250 *Fed. Rep.* 160; *affirmed,* 260 *U. S.* 268; *Steward Fruit Co.* v. *Chicago, Minneapolis and St. Paul Railroad Co.* (*Court of Appeals, Maryland*), 121 *Atl. Rep.* 837; *James* v. *Illinois Central Railroad Co.* (*Iowa*), 175 *N. W. Rep.* 316; *Ritchey* v. *Illinois Central Railroad Co.* (*Neb.*), 138 *N. W. Rep.* 35.

The result is that the service of the summons and complaint in this instance upon the Richmond, Fredericksburg and Potomac Railroad Company and the Atlantic Coast Line Railroad Company must be set aside.

The rule to show cause heretofore granted is therefore made absolute.