## LIVINGSTON v. CHESAPEAKE & O. RY. CO.

No. 2396.

District Court, N. D. Oklahoma.

April 12, 1937.

Ladner, Logsdon & Livingston, of Tulsa, Okl., for plaintiff.

Campbell & Biddison, of Tulsa, Okl., for defendant.

FRANKLIN E. KENNAMER, District Judge.

The plaintiff seeks to recover damages for personal injuries alleged to have been sustained as a result of defendant's negligence. None of its tracks run through or into the State of Oklahoma. For the purpose of soliciting freight and passenger traffic, defendant employed an agent and rented an office at Tulsa, Okl. The business of this agent was to procure passengers and freight to be transported over defendant's lines. If a passenger desired a ticket and applied for one, the agent took the applicant's money and procured from some railroad running into Oklahoma a ticket on which such railroad was the initial carrier though the trip would be made eventually over some part of defendant's lines. Defendant's name was on the door of the soliciting agent's office, was in the telephone directory, and the company advertised in the local newspaper and over the radio within Oklahoma. Service was made on the soliciting agent. Some effort was made by the plaintiff to settle his claim through the soliciting agent.

It is my opinion that these facts do not show that defendant was transacting business within the State of Oklahoma to such an extent that process could be validly served on the soliciting agent. To require defendant to submit to suit in these circumstances would unreasonably obstruct and unduly burden interstate commerce. Green v. Chicago, B. & Q. Ry. Co., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916; Maxfield v. Canadian Pac. Ry. Co. (C.C.A.8) 70 F.(2d) 982; Davis, Director General, v. Farmers' Co-operative Equity Company, 262 U.S. 312, 43 S.Ct. 556, 67 L.Ed. 996; Stephan v. Union Pacific Ry. Co. (D.C.Minn.) 275 F. 709; Ballard & Ballard Co. v. Munson S. S. Line (C.C.A.6) 25 F.(2d) 252; Bull & Co. v. Boston & Maine R. R., 344 Ill. 11, 175 N.E. 837; Jones v. Illinois C. Ry. Co., 188 Iowa, 850, 175 N.W. 316; State v. Rutledge, 331 Mo. 1015, 56 S.W.(2d) 28, 85 A.L.R. 1378; Shambe v. Delaware & Hudson R. Co., 288 Pa. 240, 135 A. 755; Thurman v. Chicago, M. & St. P. R. Co., 254 Mass. 569, 151 N.E. 63, 46 A.L.R. 563; Hedge v. Pennsylvania R. Co., 132 A. 492, 4 N.J.Misc. 315; Berger v. Pennsylvania R. Co., 27 R.I. 583, 65 A. 261, 9 L.R.A.(N.S.) 1214, 8 Ann.Cas. 941; Cancelmo v. Seaboard Air Line Ry., 56 App.D.C. 225, 12 F.(2d) 166.

Plaintiff relies on International Harvester Company v. Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479, and Wills v. National Mineral Company, 176 Okl. 193, 55 P.(2d) 449, but the facts in those cases are sufficient to distinguish them from the instant case without comment. Maverick Mills v. Davis (D.C.) 294 F. 404, relied upon by plaintiff, arose in Massachusetts. It is probably overruled by the cases above cited, and the Thurman Case, 254 Mass. 569, 151 N.E. 63, 46 A.L.R. 563, definitely shows that the court reached an erroneous decision as to the force of the Massachusetts statutes.

The motion to quash is sustained.