# International Cotton Seed Oil Co. v. Wheelock.

## Action on Account.

1. *Agency of foreign or domestic corporation; mixed question of law and fact.*—Under the statute which provides that a foreign or domestic corporation "may be sued in any county in which it does business by agent,"-Code, 4207, a single transaction may constitute the doing of business; but neither a single nor several transactions occurring prior to a suit brought, are conclusive to show a continuance of such business at the bringing of the suit. The statute contemplates continuity of the condition at that period; but such continuity may be inferred from a course of business pursued be-

[Heflin Gold Mining Co. v. Hilton.]

fore and proximately thereafter. The question being one of mixed law and fact no general rule can be determinative of it in all cases.

2. *Same; what constitutes.*—Not every act done within the corporate powers of a corporation will constitute the business meant by section 4207 of the Code. There must be a doing of some of the works or an exercise of some of the functions for which the corporation was created to bring the case within the statute. The disposition of products is ordinarily a function necessary to the continued operation of a manufacturing corporation.

3. *Same; what does not constitute.*—Where a manufacturing corporation whose principal place of business was at a particular place, received from brokers from time to time, at another place, propositions from proposed purchasers and the corporation transmitted to these parties through the brokers like propositions—all looking to the purchase and sale of the products of the corporation—but the actual transactions of sale by the delivery of the goods and the payment of the price were had directly with the parties purchasing, there was no such agency of the corporation thus created which rendered the corporation liable to be sued at the place where the goods were sold and delivered; and the fact that on an occasional failure of a party ordering goods to take them the broker through whom they were ordered was requested by the corporation to sell them for and on its account, would not change the rule.

APPEAL from Birmingham City Court.

Tried before Hon. W. W. WILKERSON.

This is an action in assumpsit by Wheelock against the International Cotton Seed Oil Company. The suit was brought in the city court of Birmingham. The defendant was a corporation whose domicile and principal place of business were at Selma. A plea to the jurisdiction of the court was filed by the defendant alleging that its domicile and principal place of business was in Dallas county, which was a different county from the county in which the suit was brought, namely, Jefferson county; and that the defendant did not have at the commencement of the suit and had not theretofore had any agent in said Jefferson county, and had not carried on business there by agent. The other facts are stated in the opinion. The sole question determined is whether

the evidence showed an agency of the defendant in Jefferson county.

H. T. REESE and MALLORY, MCLEOD & MALLORY, for appellants, cited, to show that the issue on the plea to the jurisdiction should have been found for the appellant.—*Sullivan v. Sullivan Timber Co.*, 103 Ala. 379; *Brand v. U. & A. Pub. Co.*, 71 Ala. 60; 2 Mor. on Cor., § 662; *Good Hope Co. v. Ry. Barb. Fencing Co.*, 22 Fed. Rep. 635; *Cooper Manfg. Co. v. Ferguson*, 113 U. S. 727.

VASSAR L. ALLEN, *contra*, contended, that the burden of establishing the plea to the jurisdiction of the court was on the defendant, and that the evidence in that behalf was of a distinctly hazy and uncertain character; and that if a party on whom the burden of proof is cast does not offer evidence of the fact the non-existence of the fact must be assumed, citing, *Lehman v. McQueen*, 65 Ala. 570; *Brandon v. Cabaniss*, 10 Ala. 155. That the fact was peculiarly within the knowledge of the defendant, and hence the case is within the rule of *Farrall v. The State*, 32 Ala. 557.

SHARPE, J.—Section 4207 of the Code provides that "A foreign or domestic corporation may be sued in any county in which it does business by agent." The plea in abatement calls for a construction of that statute with reference to the facts relied on to sustain the plea. Those facts are undisputed and are substantially, that the defendant is a domestic corporation engaged in the business of buying cotton seed and manufacturing and selling its products and having its principal place of business at Selma, Dallas county. Within the twelve months next before this suit was begun and afterwards during the same month, the defendant had been accustomed to quote its prices for goods to brokers in Birmingham, Jefferson county, upon their request and upon orders received from them, had made frequent sales of goods to persons in Birmingham. Those orders were subject to defendant's approval and were accepted in Selma and the goods were generally shipped direct to the purchaser to whom the bill of lading was sent with

24

a sight draft attached. When as sometimes happened goods were rejected by the person to whom they were shipped, defendant notified the broker who made the bargain to take charge of and sell them for its account. Defendant had no contract with any broker to represent it permanently or exclusively, the authority of the broker making a sale being limited to that transaction.

As was held in *Farrier v. New England Mort & Sec. Co.*, 88 Ala. 275, a single transaction may constitute the doing of business. But neither a single nor several transactions occurring prior to the suit are conclusive to show a continuance of such business at the bringing of the suit. The statute contemplates continuity of the condition at that period. The corporation though previously doing business in the particular county may have discontinued such business, in which case it is not subject to suit there in the class of actions to which the statute applies.—*Sullivan v. Sullivan Timber Co.*, 103 Ala. 371. Continuity may be inferred however as existing at the time of suit, from a course of business pursued before and proximately thereafter. The question being one of mixed law and fact no general rule can be determinative of it in all cases.

Instances where brokers were employed by defendant to take possession of and resell goods rejected by customers after their shipment are not shown to have been at such time and of such frequency as to justify the inference that defendant was doing business in that way at the time the suit was brought.

Not every act done within the corporate powers will constitute the business meant by the statute. In *Sullivan v. Sullivan Timber Co.*, *supra*, this court construing this statute approved the test laid down in *Beard v. U. & A. Pub. Co.*, 71 Ala. 60, where in defining the acts of business meant by the constitutional requirements of foreign corporations doing business in this State it was said: "There must be a doing of some of the works or an exercise of some of the functions for which the corporation was created to bring the case within the clause." In applying that test it may not always be easy to distinguish between acts done in the exercise of cor-

porate functions and those done merely within corporate powers.

In the case at bar the chartered purposes of the defendant are not disclosed by the record except as they may be inferred from the business in which it was engaged. From the proof on that subject it appears that the sale of its products is as much an exercise of defendant's corporate functions as is their manufacture. The disposition of products is ordinarily a function necessary to the continued operations of a manufacturing corporation. The question however is not merely whether business was done, but whether it was done by agent. A broker is sometimes and for some purposes considered the agent of both buyer and seller but his agency in that sphere, is a narrowly limited one. We need not consider the authority of brokers generally since the proof defines that possessed by the defendant's brokers. Their part in the business done by the defendant in Jefferson county was to transmit mutual propositions between the defendant and its vendees. If the transaction had proceeded no further than by this preliminary step, no sales would have been effected and no actual business would have been done. What was done thereafter in consummation of the sales, namely the final agreement, the delivery of goods and the collection of the price, was the material part of the business and was effected independently of the brokers' services and not by them as agents.

We are brought to the conclusion that the facts in evidence sustain the plea in abatement. A judgment will be here rendered reversing the judgment of the city court, sustaining the plea in abatement, and that the defendant go hence without day and have and recover of the plaintiff its costs.