(85 South. 441)

**SLOSS–SHEFFIELD STEEL & IRON CO. v. UNDERWOOD. (6 Div. 967.)**

(Supreme Court of Alabama. Feb. 5, 1920. On Rehearing, May 20, 1920.)

1. **Appeal and error** ⬅1059—**Error in excluding evidence harmless on elimination of counts.**

Errors in excluding evidence material under counts which were eliminated by instructions given the jury were harmless.

2. **Evidence** ⬅473—**Whether crippled servant was able to work held not a conclusion.**

In a servant's action for loss of a leg, the court properly permitted plaintiff's counsel to ask him whether in his crippled condition he was able to do any work; the question calling for a collective fact, and not a conclusion.

3. **Appeal and error** ⬅1048(5)—**Prejudice to defendant ·from question to plaintiff averted by answer.**

In a servant's action for loss of a leg, any possible prejudice to defendant employer from question by plaintiff's counsel as to whether in his crippled condition he was able to do any work was averted by plaintiff's further testimony that he might do light work.

**4. Master and servant ⊕═289(19)—Negligence of injured servant for jury under his contradictory testimony.**

In a servant's action for injuries from a rock fall, whether plaintiff was negligent in working with knowledge under a "drummy" roof *held* for the jury, under plaintiff's own contradictory testimony on cross-examination.

**5. New trial ⊕═72—Court must consider propriety of findings.**

Motion for new trial invoked the power of the court, and imposed the duty on it to consider and determine the propriety of the jury's finding, despite plaintiff's admissions, that he was not negligent in subjecting himself to the hazard of a "drummy" roof.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by Will Underwood against the Sloss-Sheffield Steel & Iron Company. Judgment for plaintiff, and from an order denying its motion for new trial, defendant appeals. Reversed and remanded.

Tillman, Bradley & Morrow, of Birmingham, for appellant.

The defendant's motion for a new trial should have been granted. 129 Ala. 410, 30 South. 584; 133 Ala. 279, 32 South. 15; 183 Ala. 187, 62 South. 500; (C. C.) 31 Fed. 528; 67 Fed. 510, 14 C. C. A. 492; 84 Fed. 772, 28 C. C. A. 207.

Charles A. Calhoun and John T. Glover, both of Birmingham, for appellee.

Although plaintiff's evidence involved contradictions not easily reconciled, yet this was a matter for the jury. 185 Ala. 313, 64 South. 600; 4 Ala. App. 444, 58 South. 672; 187 Ala. 599, 65 South. 946; 174 Ala. 609, 57 South. 379.

McCLELLAN, J. The case was submitted to the jury under the issues made by count 4 only. This count, proceeding on the theory that the relation of master and servant existed between the plaintiff and defendant, ascribed plaintiff's injury (including the loss of a leg) to a breach of duty under subdivision 1 of our employers' liability statute (Code, § 3910), the charge being that the defect in the condition of the ways, works, etc., consisted in a defective mine roof at the place where plaintiff was at work. In this count it was averred that plaintiff was permanently "crippled"; the loss of a leg, of course, establishing that allegation. The court declined to allow defendant to show on cross-examination of plaintiff that after his injury and before the trial the plaintiff moved about on a cork leg, with a stick, but without crutches, which—the question propounded indicated—were assumed by the plaintiff at the trial for the purposes of the trial. [1-3] At this time counts 1, 2, and 3 were in issue, and under these counts the earning capacity of the plaintiff was of the elements of damages claimed. However, when these counts (1, 2, and 3) were eliminated by instructions given the jury, errors in these rulings were rendered innocuous. There was no error in permitting the plaintiff's counsel to propound this question, "In your crippled condition, are you able to do any work now?" The question called for a collective fact, not a conclusion of the witness. Cent. of Ga. R. R. Co. v. Stephenson, 189 Ala. 553, 556, 66 South. 495, among others. Furthermore, the witness (plaintiff), without objection, testified:

"I am not able to do the same work that I was doing before I was injured. I might get me a light job, something like that that I can handle; I can do that."

—thus averting, if the question had been improper, any possible prejudice to defendant in the premises.

Plea 3, upon which, among others, issue was joined, averred that plaintiff was guilty of contributory negligence, proximately contributing to the injury complained of, in this:

That "he knew said rock or other substance was loose and in an insecure condition, and notwithstanding such knowledge he negligently went under said rock or other substance, or dangerously near to same, * * * when said rock fell, or other substance fell," upon plaintiff, injuring him.

On cross-examination the plaintiff testified as follows:

"We knowed the top was drummy and bad. I knowed the top was drummy and bad. I had worked under it, and knew it that it was drummy and bad, and liable to fall; that is what I tell the jury. I didn't keep timbers under it. I say that roof was drummy and bad; I say that roof was drummy. I didn't say it was liable to fall at any time. It was drummy. I didn't say it was liable to fall at any time. I said it did fall frequently. I knew it was drummy. It wasn't tight; when anything is drummy, it is loose. It was dangerous. When I was working under it, I knew it was drummy, I knowed it was liable to fall at any time. I knew it was dangerous. Yes, sir; I knew it was dangerous. Yes, sir; I worked under it, knowing it was dangerous, knowing it was dangerous; it was dangerous; it was drummy. Yes, sir; I worked under it, knowing it was dangerous."

[4] The immediately contradictory terms in which plaintiff (himself) on cross-examination recited his knowledge vel non of the dangerous condition of the insecure rock under which he was when injured by its fall precluded the trial court from withdrawing that phase of the issue from the jury through affirmative instruction. Powell v. Olds, 9 Ala. 861; Jones v. Bell, 201 Ala. 336, 77 South. 998.

⊕═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[5] The motion for new trial, however, invoked the power of the court, and imposed the duty upon the court to consider and to determine the propriety of the jury's conclusion in finding, notwithstanding plaintiff's admissions, that plaintiff was not guilty of contributory negligence in subjecting himself to the hazard of the situation. Steiner v. Tranum, 98 Ala. 315, 321, 13 South. 365. Considered with the utmost possible favor to him, the testimony of this plaintiff himself discloses his affirmation both ways; and in such circumstances it is not reasonably conceivable that a jury could soundly find that he, the plaintiff himself, a miner of years of experience, was mistaken in the admission, repeatedly made, that he knew the sphere in which he placed himself was one of grave danger—a danger created by loose rock above him. The evidence was conflicting upon the issue whether it was plaintiff's duty to inspect the roof at the place from which the rock fell; but if he knew that the rock was loose, insecure, and dangerous, inspection would have contributed nothing to his information.

The court erred in overruling the motion for a new trial. The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

On Rehearing.

McCLELLAN, J. A careful review of the conclusion stated in the foregoing opinion has been made by the sitting members of the court; and, in the light of the brief for rehearing, the entire bill of exceptions has been read in the consultation. The court remains convinced that its original judgment was well founded, and the application for rehearing is therefore overruled.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.