4 So.2d 307

### BATSON v. BIRMINGHAM TRUST & SAVINGS CO.

6 Div. 675.

Supreme Court of Alabama.

Oct. 16, 1941.

E. L. All, Kingman C. Shelburne, and Bradley, Baldwin, All & White, all of Birmingham, for appellee.

Hugh A. Locke and Frank M. James, both of Birmingham, for appellant.

LIVINGSTON, Justice.

This is a suit by S. R. Batson to recover compensatory and punitive damages against the Birmingham Trust and Savings Company, a corporation engaged in the banking business, on account of the alleged wrongful and wanton refusal of the defendant to honor and pay twenty-nine separate checks drawn by the plaintiff on his deposit or checking account with the defendant, which were presented for payment and payment refused on November 13, 1936.

Each check was made the basis of two counts in the complaint: One claiming com-

pensatory damages and the other punitive damages. Demurrers were overruled to each count of the complaint, and defendant entered pleas of the general issue, in short by consent, with leave, etc.

When the evidence was concluded the trial court, at the written request of the defendant, gave to the jury the following charge: "4. The court charges the jury that if you believe the evidence in this case you must find in favor of the defendant." The giving of this charge is the basis of plaintiff's only assignment of error.

Defendant insists the plaintiff did not have a sufficient amount of money on deposit, subject to check, to pay the checks or either of them at the time they were presented for payment, and payment was refused, and that constitutes the one issue presented.

The controversy hinges upon the time when a certain check in the amount of $433.42, dated November 9, 1936, and drawn by plaintiff on the defendant bank, payable to the Mutual Oil Company, was paid. Defendant insists this check was presented and paid early in the day on November 13, 1936, and that its payment together with the payment of several other smaller checks on that day reduced plaintiff's deposit to an amount insufficient to pay either of the checks upon which payment was refused. On the other hand, plaintiff insists that the Mutual Oil Company check was not paid until November 14, 1936, and that his bank balance throughout the day of November 13, 1936 was sufficient to pay all the checks "turned down" on that day.

The evidence is not in conflict, and the following facts were proven without dispute: That on the close of business November 12th and on the opening of business November 13th, plaintiff had on deposit with defendant, subject to check, the sum of $526.83; that on the morning of November 13th, around 9:30 or 10:00 o'clock, the Mutual Oil Company check was presented at the defendant bank, with cash and other checks, for deposit to the account of said Mutual Oil Company, and that Mr. McNabb, who made the deposit for the Mutual Oil Company, inquired of Mr. Masters, the receiving teller, to ascertain whether plaintiff had sufficient funds to pay the check for $433.42; that Mr. Masters inspected the bank ledgers and found that Mr. Batson had on deposit, subject to check, the sum of $526.83, whereupon Mr. Mas-

ters made the following notation in pencil opposite the balance of $526.83, "$433.42, 11–13", to indicate to the bookkeeper that he was paying a check for that amount and to hold said amount in the account of Mr. Batson. Mr. Masters advised Mr. Mc-Nabb that the check was "O.K.", entered the deposit, of which this check constituted a part, in the pass book of the Mutual Oil Company. The pass book of the Mutual Oil Company shows an entry, under date of November 13, 1936, of a deposit in the sum of $1,120.89, and a deposit slip for $1,120.89 bearing the same date lists among other checks one in the sum of $433.42, and which Mr. McNabb testified was the Batson check. The Mutual Oil Company check for $433.42 is perforated "Paid 11–14–36." On the back of the check appears "not sufficient funds," with pencil marks drawn through the notation. Also on the back of the check is a notation in pencil "run in 11–14." The bank's ledger sheets show that the Mutual Oil Company check was entered on the account of Mr. Batson November 14, 1936. On the morning of November 14, 1936, Mr. Batson deposited with the defendant bank an amount more than sufficient to cover all the checks here involved. Mr. Masters, a witness for defendant, testified on cross-examination, "when a check is paid, it is perforated, and the perforation on plaintiff's exhibit 4 reads 'Paid 11–14–36, 61–8,' 61–8 is the transit number of the Birmingham Trust." The plaintiff's check for $433.42 was never returned to the Mutual Oil Company.

The undisputed testimony of Mr. Slag, head bookkeeper of the defendant bank, and other witnesses for defendant explains the notations "not sufficient funds," "run in 11/14" and the perforation "paid 11–14–36," appearing on the plaintiff's check to the Mutual Oil Company, and also the entry of the check on the ledger under date of November 14, 1936. Their explanation of the bank's bookkeeping system, the manner and method of handling customers' checks and checking accounts, conclusively shows that the Mutual Oil Company check was actually paid on November 13, 1936. There is nothing in the record indicating that any of the checks which defendant refused to pay were presented for payment before ten o'clock on the morning of November 13, 1936.

Generally, as between different check holders, the one who first presents his check for payment is entitled to priority, for checks are payable in the order

of their presentation at the bank on which they are drawn. Morse on Banks and Banking, page 266; Clark v. Chicago Title, etc., Co., 85 Ill.App. 293, affirmed in 186 Ill. 440, 57 N.E. 1061, 53 L.R.A. 232, 78 Am.St.Rep. 294.

This Court in the case of City National Bank of Selma v. Burns, 68 Ala. 267, 44 Am.Rep. 138, speaking through Chief Justice Brickell, said: "When a bank credits a depositor with the amount of a check drawn upon it by another customer, and there is no want of good faith upon the part of the depositor, the act of crediting is equivalent to a payment in money. Nor can the bank recall or repudiate the payment, because, upon an examination of the accounts of the drawer, it is ascertained that he was without funds to meet the check, though when the payment was made, the officer making it labored under the mistake that there were funds sufficient. Chambers v. Miller, 13 Com.B.N.S. 125; Levy v. Bank of United States, 4 Dall. 234, 1 L.Ed. 814; Oddie v. National [City] Bank, 45 N.Y. 735, 6 Am.Rep. 160; First National Bank v. Burkhardt, 100 U.S. 686, 25 L.Ed. 766. In the case last cited, it was said: 'When a check on itself is offered to a bank as a deposit, the bank has the option to accept or reject it, or to receive it upon such conditions as may be agreed upon. If it be rejected, there is no room for any doubt or question between the parties. If, on the other hand, the check is offered as a deposit and received as a deposit, there being no fraud and the check genuine, the parties are no less bound and concluded than in the former case. Neither can disavow or repudiate what has been done. The case is simply one of an executed contract. There are the requisite parties, the requisite consideration, and the requisite concurrence and assent of the minds of those concerned.' "

But the plaintiff insists that a jury question was presented because inferences can be drawn from facts in evidence that the Mutual Oil Company check was paid on the fourteenth of November and not on the thirteenth.

The general charge should not be given "when the evidence is conflicting, or when the evidence is circumstantial, or when a material fact rests wholly in inference." Smoot v. Mobile & Montgomery Ry. Co., 67 Ala. 13, 15; Alabama Gold Life Ins. Co. v. Mobile Mutual Ins. Co., 81 Ala. 329, 1 So. 561; Tabler v. Sheffield Land, Iron & Coal Co., 87 Ala. 305, 309, 6 So. 196; Tobler v. Pioneer Mining & Manufacturing Co., 166 Ala. 482, 518, 52 So. 86; John v. Birmingham Realty Co., 172 Ala. 603, 55 So. 801; Alaga Coach Line v. McCarroll, 227 Ala. 686, 151 So. 834, 92 A.L.R. 470; New York Life Ins. Co. v. Torrance, 228 Ala. 286, 153 So. 463.

In the case of Central of Georgia Ry. Co. v. Teasley, 187 Ala. 610, 65 So. 981, 983, this Court said: "A mere 'guess' is not such a legal conclusion as the law authorizes a jury to fix as a basis upon which to found a verdict. * * * When the existence of a fact is sought to be established by *proving another* fact, the *fact so proven* must be a fact from which the *existence* of the *fact sought to be proven* can be *naturally* and *rationally* inferred or presumed. Jones on Evidence (2d Ed.) page 111, § 104. A *remote, speculative,* and *uncertain* connection between the fact and the one sought to be inferred is insufficient. Jones on Evidence (2d Ed.) supra."

And again, in the case of Riley v. Fletcher, 185 Ala. 570, 64 So. 85, 88, the Court said: "Whenever the evidence upon a given subject is without dispute and only one rational conclusion can be drawn from such evidence, then the trial judge, at the written request of either of the parties to the cause, may charge the jury as to the effect of such evidence, and he will not be put in error for so doing."

In the case of Western Union Telegraph Co. v. Perry, 3 Ala.App. 247, 56 So. 824, 826, it was said: "When the facts are such that all reasonable conclusions to be drawn from them are the same, they present a mere question of law for the court." And to like effect in Birmingham Ry., Light & Power Co. v. Murphy, 2 Ala. App. 588, 56 So. 817, 820, the Court of Appeals held: "When the facts are admitted or are undisputed, and are such that men of ordinary intelligence may reasonably differ with each other as to the conclusion to be drawn from them, such facts, as a general proposition, present matters for the determination of the jury, and not a mere question of law for the court. It is only when the facts are such that all reasonable conclusions to be drawn from them are the same that they present a mere question of law for the court."

An inference cannot be said to be reasonable which can only be drawn by a capricious disregard of apparent truthful testimony that is in itself probable, and is

not at variance with other proven or admitted facts.

We are also mindful of the principle that the affirmative charge for defendant should not be given where some circumstance shown by the evidence tends to discredit the witnesses who have testified without conflict. Alabama Gold Life Ins. Co. v. Mobile Mutual Ins. Co., 81 Ala. 329, 1 So. 561; Sherrill v. Louisville & Nashville R. R. Co., 148 Ala. 1, 44 So. 153.

But if such facts in evidence which thus tend to discredit the witnesses are explained in such way and manner as that if true, they do not have that tendency, and such explanatory evidence is also uncontradicted and not in any manner discredited, then it cannot be said that any of the uncontradicted evidence is in any respect discredited, or that an inference adverse to defendant is reasonable, if the evidence be believed by the jury.

We have studiously examined all the evidence in this case, and are convinced that only one reasonable conclusion can be reached, and that is that the Mutual Oil Company check for $433.42 was paid by the defendant on November 13, 1936. In consequence of its payment, the plaintiff did not have on deposit sufficient funds to pay the twenty-nine checks which on that day the defendant refused to pay.

The defendant was due the charge given.

Affirmed.

GARDNER, C. J., and THOMAS and BOULDIN, JJ., concur.