13 So.2d 396

**SPURLOCK v. J. T. KNIGHT & SON, Inc.**

**4 Div. 248.**

Supreme Court of Alabama.

March 18, 1943.

Rehearing Denied May 27, 1943.

John C. Walters, of Troy, for appellant.

Steiner, Crum & Weil, of Montgomery, and John H. Wilkerson, of Troy, for appellee.

LIVINGSTON, Justice.

The suit was commenced in the Circuit Court of Pike County, Alabama, by Frank Spurlock, an individual and resident citizen of Pike County, doing business as Frank Spurlock & Sons, against J. T. Knight & Son, Inc., a corporation organized and existing under and by virtue of the laws of the state of Georgia, with its principal place of business at Columbus, Georgia.

The one count of the complaint claims damages for the breach of a written contract between the parties.

To the complaint, defendant interposed two pleas in abatement. In substance the pleas allege that defendant is a foreign corporation, not qualified to do business in Alabama, and was not doing business by agent in Pike County, Alabama (as stated in plea one), "at the time of the institution of this suit"; (and as stated in plea two) "at the time of the service of the summons and complaint upon it in this cause." Neither plea was tested by demurrer, but issue was joined on each.

Upon the completion of the testimony, the trial court gave to the jury, at the written request of the defendant, the general charge for defendant. From the verdict of the jury, rendered in accordance with the instructions given, and the judgment entered thereon, this appeal is prosecuted.

The cause was submitted here on motion relative to taxation of a part of the court costs, and on the merits.

 The principal question here presented is the propriety of the lower court's action in giving the general charge for defendant. The general charge should not be given "when the evidence is conflicting, or where the evidence is circumstantial, or when a material fact rests wholly in inference." Smoot v. Mobile & Montgomery Rwy. Co., 67 Ala. 13, 15; Alabama Gold Life Ins. Co. v. Mobile Mutual Ins. Co., 81

366

Ala. 329, 1 So. 561; Tabler v. Sheffield Land, Iron & Coal Co., 87 Ala. 305, 309, 6 So. 196; Tobler v. Pioneer Mining & Mfg. Co., 166 Ala. 482, 518, 52 So. 86; John v. Birmingham Realty Co., 172 Ala. 603, 55 So. 801; Alaga Coach Line v. McCarroll, 227 Ala. 686, 151 So. 834, 92 A.L.R. 470; New York Life Ins. Co. v. Torrance, 228 Ala. 286, 153 So. 463, 91 A.L.R. 1455; Batson v. Birmingham Trust & Savings Co., 241 Ala. 629, 4 So.2d 307.

 When a corporation does business within the State, of necessity the business is done by and through agents, and the necessity is recognized by the Constitution and statutes. It is not within the purview of either that the corporate organization or its head or principal officers will migrate into the State. It is contemplated that in this State the corporation may have a visible existence by the presence of agents authorized to act for it, exercising such powers as may be intrusted to them: Making such contracts and transacting such business as may fall within the scope of the authority conferred. The mere presence of an agent within the State authorized to transact particular business, not involving an exercise of the corporate powers or franchise, not a part of the business the corporation was created and organized to transact, is not within the proper meaning of the phrases "do business," "does business," or "doing business," as employed in the Constitution and statutes.

In the case of Beard v. Union & American Publishing Co., 71 Ala 60, the Court said: "There must be a doing of some of the works, or an exercise of some of the functions, for which the corporation was created, to bring the case within that clause" referring to the first clause of the fourth section, Article 14, Constitution of 1875.

 The real test is that applied in the Beard case, supra. Is the corporation engaged in the transaction of business, or any part thereof, it was created and organized to transact? If it be, it "does business" within the meaning of the Constitution and statutes. If it be not, if the act it is doing, or has done, is not within the general powers and franchise, it is not the business to which the constitutional and statutory requirements are directed. J. R. Watkins Co. v. Goggans et al., 242 Ala. 222, 5 So.2d 472.

The evidence is without dispute that the defendant is a foreign corporation, not qualified to do business in Alabama, and is engaged in the business of buying and selling scrap material. The defendant's evidence is to the effect that it was not doing business by agent in Pike County, Alabama, when the suit was instituted, and when the summons and complaint was served upon it.

The written contract, the basis of the cause of action, and which is attached to and made a part of the complaint, and introduced in evidence by defendant, does not show the doing of business in Pike County as contemplated by the Constitution and statutes.

But plaintiff insists that he had another agreement with defendant, entered into by parol, subsequent to the making of the written contract. Frank Spurlock (the plaintiff) testified in part, as follows: "I had another agreement with him (we interpolate Mr. J. B. Knight, president of defendant corporation) separate and apart from the scrap iron agreement with him as to metals, and this agreement was made some three or four months after we had the written agreement on scrap iron, and this latter agreement was a verbal agreement. * * * This agreement I had with Mr. Knight about three or four months after we had the written agreement, the agreement made as to brass and metals was made at Willis' store over here near my place of business, I had just recently moved in there, and Mr. Knight came in there and he said, 'When you need money we have got plenty of it,' and he asked me to buy brass and metals for his company, and Mr. Knight said, 'Mr. Spurlock, being as we have your iron and it is very satisfactory, we want those other metals,' Mr. Knight knows those are his words; he said 'You are getting in good metals,' and he said 'anything you can get in the way of brass and metals, bring it to Columbus, or ship it to Columbus,' and Mr. Knight remembers the times he would come in there in Willis' store. He told me that he wanted to buy any kind of metals, brass, cow-hides, beeswax and stuff of that nature, that they needed it and needed it bad. Mr. Knight didn't come right out and say 'buy it for J. T. Knight & Sons,' but he said 'Buy it and get it over to us as quick as you can'; Mr. J. B. Knight said that, and he sent me the money. That condition was not changed

at any time up to the time this suit was filed, or at any time thereafter; it has not been changed up to today, so I say that up to the time this suit was filed on August 9th, 1938, I was buying brass and metals at the time with their money and was acting for them in that capacity."

Clearly, the quoted testimony of the plaintiff was sufficient to carry to the jury the issue raised by defendant's pleas. The fact of contradictions in plaintiff's testimony did not warrant that his evidence be disregarded by the court, but made the weight which would be accorded it a jury question. Powell v. Olds, 9 Ala. 861; Jones v. Bell, 201 Ala. 336, 77 So. 998; Republic Iron & Steel Co. v. Harris, 202 Ala. 344, 80 So. 426; Thomas Furnace Co. v. Carroll, 204 Ala. 263, 85 So. 455; Sloss-Sheffield Steel & Iron Co. v. Underwood, 204 Ala. 286, 85 So. 441.

This cause was submitted on the merits and on motion to tax appellant with the cost incident to the inclusion in this record of interrogatories propounded by appellant to appellee, ostensibly for the purpose of using the answers thereto on the trial of appellant's main case. So far as appears the interrogatories have not been answered. The interrogatories were not introduced in evidence on the trial of the issues involved in this record, and were included in the record at the request of appellant. They can serve no useful purpose so far as this record is concerned, and the appellant should be, and is, taxed with the cost of including them.

For the error in giving the general charge for defendant on the issues raised by the pleas in abatement, the cause must be reversed and remanded.

Reversed and remanded.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.