BEATTY, Justice.
Petition for a writ of mandamus directed to the Honorable Robert E. Hodnette, Judge of the Circuit Court of Mobile County. The writ is denied.
On November 17, 1980, plaintiff, Sally Belle Meeks, as administratrix of the estate of Charley Jones, deceased, filed suit in the Circuit Court of Mobile County against Ford Motor Company, Hendrix Tractor Company, Inc., Cotton Ford Tractor Company, Inc., Harrington Manufacturing Company, Inc. (hereinafter referred to as Harrington Manufacturing), and various fictitious defendants, seeking damages for the wrongful death of the plaintiff’s intestate. On January 21, 1981, defendant Harrington Manufacturing filed a motion to dismiss for improper venue and, on February 25, 1981, a motion to transfer venue to the Circuit Court of Monroe County. Affidavits were filed by Charles H. Edwards, Secretary for Harrington Manufacturing, in support of the venue motions. On July 27, 1981, the trial court entered an order denying the motion to dismiss and the motion to transfer venue. Harrington Manufacturing filed a motion to reconsider the order, which was denied. Thereafter, Harrington Manufacturing filed this petition for writ of mandamus.
When a party seeks review by writ of mandamus of an order transferring or refusing to transfer venue, we determine whether the lower court has sufficient facts before it to ■ ascertain proper venue, i.e., doing business in the county. See Ex parte Wilson, Ala., 408 So.2d 94 (1981). Petition *76 er claims that it was a clear abuse of discretion for the trial court to deny its motions to dismiss or transfer venue from Mobile to Monroe County. We respectfully disagree.
It is undisputed that the issue of proper venue is governed by § 232 of the Alabama Constitution of 1901 and Code of 1975, § 6-3-7. These sections establish that a foreign corporation may be sued in any county where it does business by agent. Petitioner is a North Carolina corporation which has properly qualified to do business in Alabama. It contends, however, that it was not “doing business” in Mobile County at the time of the suit.
In International Cotton Seed Oil Company v. Wheelock, 124 Ala. 367, 27 So. 517 (1900), this court defined the acts of business meant by the requirement that a foreign corporation do business in this state:
“... ‘There must be a doing of some of the works or an exercise of some of the functions for which the corporation was created to bring the case within the clause.’ In applying that test it may not always be easy to distinguish between acts done in the exercise of corporate functions and those done merely within corporate powers.
“... [I]t appears that the sale of its products is as much an exercise of defendant’s corporate functions as is their manufacture. ... [Id. at 370-371, 27 So. at 518 (quoting Beard v. Publishing Co., 71 Ala. 60 (1881) (emphasis added).]”
The deposition of Charles H. Edwards established that Harrington Manufacturing is a manufacturing and sales company which employs two salesmen whose sales territory includes Mobile County. Prior to the instant suit, the salesmen made telephone calls and personal visits to Mobile County. The record also reveals that petitioner sells its products in Mobile County through two contacts. The first contact, Forestry Equipment, sells two heavy industrial products used for logging in Mobile County. This company sold twenty-two of these industrial machines for the petitioner during the past several years in Mobile County. The second contact, Home & Restaurant Company, sells woodburning stoves for the petitioner in Mobile County. These stoves have been sold since 1980, and five units were sold in Mobile County during the winter of 1980-81. Some of the stoves, then, were sold after the institution of this suit. The manufacturer’s representative of petitioner receives a commission on wood-burning stoves sent to Mobile County. Furthermore, petitioner consigned a forklift for six months in Mobile County. The principal purpose for this consignment was to establish a dealer in the Mobile area. Clearly, the petitioner considered the sale of its products to be an important corporate function and directed attention to this end in Mobile County.
Isolated transactions occurring prior to the suit are inconclusive to show a continuance of such business at the bringing of the suit. Continuity may be inferred, however, as existing at the time of suit from a course of business pursued before and proximately thereafter. International Cotton Seed Oil Company v. Wheelock, supra. In the case at bar, the record, as discussed above, clearly establishes a continuity of business in Mobile County by petitioner.
The burden of proof is on the party raising the issue of venue. Ingram v. Omelet Shoppe, Inc., Ala., 388 So.2d 190 (1980). Here, petitioner has not met that burden. We find no abuse of discretion in the trial court’s order denying the motions to dismiss or transfer venue.
The writ of mandamus is not granted unless there is a clear showing of error in the trial court to the injury of the petitioner, Ex parte Slade, Ala., 382 So.2d 1127 (1980). The petitioner's right to relief must be clear and there must be no other adequate remedy. Id. Neither of these prerequisites appears here. Accordingly, the writ of mandamus must be, and is, denied.
WRIT DENIED.
TORBERT, C. J., and MADDOX, JONES and SHORES, JJ., concur.