JONES, Justice.
This is a petition for a writ of mandamus directed to Judge Dale Segrest of the Circuit Court of Macon County. We deny the writ.
Defendant Peabody Gabon Company (Peabody), a manufacturer of refuse collection equipment, is a Delaware corporation qualified to do business in Alabama. Peabody sells its equipment through distributors, such as Defendant Truck Equipment, the exclusively authorized Peabody dealer in Alabama.
Willie G. Walker, a sanitation worker employed by the City of Tuskegee, Alabama, was killed when a garbage truck backed over him. The truck was equipped with a Peabody “E Z Pack” rear-loading compaction unit; the unit, however, did not have a “back-up alarm.” Decedent’s ad-ministratrix, Mary Richardson, brought a wrongful death action in the Macon County Circuit Court against several defendants, including the manufacturer of the “E Z Pack” unit (Peabody) and the distributor of the unit (Truck Equipment).
Peabody filed a motion to dismiss or, in the alternative, to transfer the case to either Jefferson or Montgomery County, claiming that venue in Macon County was improper as to Peabody. The trial court denied both the motion to dismiss and the motion for change of venue. In its petition, Peabody asks that this Court “direct the Honorable Dale Segrest to enter an order dismissing the ..-. case for improper venue or transferring to an appropriate county.” [1]
The basis of Peabody’s argument, in its own words, is that “Peabody was not doing business in Macon County at the time this suit was filed and the imposition of venue in Macon County is improper.” This mandamus proceeding, says Peabody, “concerns the application of the ‘doing business’ language of [Alabama Constitution, Article 12, Section 232[2]] and [Code 1975, § 6-3-7[3]] as [it applies] to a situation in which a manufacturer maintains an ongoing relationship with an independent corporation that acts as a distributor of the product, and in which the manufacturer’s only connection with the State of Alabama is its relationship with the distributor.”
We must determine, then, whether the trial court had “sufficient facts before it to ascertain proper venue, i.e., [whether the defendant was] doing business in the county,” Ex parte Harrington Manufacturing Co., 414 So.2d 74, 75 (Ala.1982), and whether, in denying the relief sought by Peabody, the trial court abused its discretion or exercised that discretion in an arbitrary or capricious manner, Ex parte Wilson, 408 So.2d 94 (Ala.1981).
The pleadings and depositions filed with the trial court reveal the following facts: Except for a few isolated cases, Peabody does not have a sales force that calls on potential customers; rather, Peabody markets its products through distributors such as Truck Equipment. Peabody sells *1128 its products (refuse collection equipment) on a bid basis. Peabody works with the distributors in reviewing bid specifications and in preparing final bids. The expense and size of the Peabody products makes it unfeasible for a Peabody distributor such as Truck Equipment to maintain a product inventory; therefore, a distributor orders a specific piece of equipment from Peabody for a particular sale. Peabody does, however, require its distributors to maintain a minimum inventory of Peabody parts, to be trained to perform repairs on Peabody equipment, and to engage actively in the sale and distribution of Peabody products within a designated area.
Truck Equipment, Peabody’s authorized distributor in Alabama, has its principal place of business in Birmingham. When Peabody representatives come to Alabama, it is for the purpose of meeting with Truck Equipment representatives in Birmingham. Peabody representatives have never been to Macon County, and Peabody does not conduct advertising in Macon County; however, while Truck Equipment does not maintain advertising in Macon County, Truck Equipment representatives make regular sales visits and telephone calls to customers in that county for the purpose of selling the Peabody line of products. The “E Z Pack” unit was sold to the City of Tuskegee by Truck Equipment on the authorization of Peabody, and Truck Equipment made a sales call to the City of Tuskegee within 60 days of the date this suit was filed.
We find that these facts provided a sufficient basis for the trial court’s consideration of the question of venue in this action. We now turn to the issue of whether, in making its determination as to venue, the trial court abused its discretion or exercised that discretion in an arbitrary or capricious manner.
“The proper venue for an action against a foreign corporation is controlled by Code 1975, § 6-3-7, which provides that ‘A foreign corporation may be sued in any county in which it does business by agent.’ This section augments, and is consistent with, Ala. Const. 1901, Art. XII, § 232, which provides that a foreign corporation ‘may be sued in any county where it does business, by service of process upon an agent anywhere in the State.’ ” Ex parte Snoddy, 487 So.2d 860, 861 (Ala.1986).
Peabody argues that, because of the language of the Code and the Constitution, venue in Macon County is not proper as.to Peabody. In its brief to this Court, Peabody claims that “this case presents an issue of first impression: ‘[W]hether the acts of an independent Alabama Corporation can be attributed to a foreign corporation ... for the purpose of determining venue.’ Stating its argument another way, Peabody poses this question: “Is the mere delivery of a manufactured product to a county seven years prior to the filing of a lawsuit sufficient to subject a foreign corporation ... to venue in the county where the product was delivered, if that foreign corporation had no other contacts or business dealings in the ... county?”
Peabody’s claim that it is not “doing business” in Macon County centers on two contentions: 1) that Peabody’s lack of control over its Alabama distributor, Truck Equipment, negates any finding of “agency” on the part of Truck Equipment; and 2) that Peabody’s lack of contacts with Macon County defeats any finding of “doing business” in Macon County.
The term “agency” is frequently used to describe an arrangement which does not rise to the level of a principal/agent relationship and which is not governed by the law of respondeat superior. See Black’s Law Dictionary, (rev. 4th ed. 1968); and 3 Am.Jur.2d Agency § 2, p. 510. Indeed, that term “is also often used in statutes or constitutional provisions in a more restricted sense than that commonly given it, and, where so used, its significance must generally be determined by a study of the context.” 2A C.J.S. Agency § 4, p. 557 (1972).
Whether an entity is an agent of a foreign corporation, as contemplated by the Constitution and the statute, is not tested by the standard for determining agency in *1129 the context of a principal/agent relationship with the attendant burden of the doctrine of respondeat superior (e.g., civil and criminal liability imputed to the principal for the wrongful acts of the agent committed within the scope of the agent’s employment). It is tested in the context of the language of the Constitution and the statute.
The first sentence of the constitutional provision requires that, in order to conduct its business in Alabama, a foreign corporation must have “at least one known place of business and an authorized agent or agents therein.” Similarly, the statute allows a foreign corporation to be sued in counties in which it does business by agent. These constitutional and statutory provisions do not require that the foreign corporation have in this State an agent employed and controlled by a foreign corporate principal, nor that the agent be a “branch office” of the foreign corporation. Rather, the constitutional and statutory provisions have been interpreted as simply requiring foreign corporations to have a legally visible and identifiable existence in Alabama. See Spurlock v. J.T. Knight & Son, 244 Ala. 364, 13 So.2d 396 (1943); J.R. Watkins Co. v. Goggans, 242 Ala. 222, 5 So.2d 472 (1941); Nelms v. Edinburgh-American Land Mtg. Co., 92 Ala. 157, 9 So. 141 (1891).
The Constitutional and statutory venue provisions, in anticipation of the need for the citizens of Alabama who deal with the foreign corporation to sue that corporation, require the identification of an entity within the jurisdiction of the courts of Alabama upon which service of legal process may be made. Peabody’s lack of control over Truck Equipment’s method of conducting its business cannot be used by Peabody as the basis for claiming Truck Equipment is not an agent of Peabody. Clearly, it is through the sales efforts of its exclusively authorized Alabama distributor, Truck Equipment, that Peabody was able to sell an “E Z Pack” unit to the City of Tuskegee; therefore, Truck Equipment was the means by which Peabody was able to do business in Alabama. Therefore, in the sense here relevant, Truck Equipment was the agent of Peabody. See Ex parte Reliance Insurance Co., 484 So.2d 414 (Ala.1986).
Peabody’s second argument — that its lack of contacts with Macon County amounts to its not “doing business” in Macon County — is equally unpersuasive. In a recent decision, this Court reaffirmed the definition of a foreign corporation’s “doing business” as “a corporation’s performance of ‘some of the business functions for which it was created.’ ” Ex parte Reliance Insurance Co., 484 So.2d at 417, quoting Ex parte Jim Skinner Ford, Inc., 435 So.2d 1235, 1237 (Ala.1983). See, generally, Ex parte Snoddy, 487 So.2d 860 (Ala.1986).
As early as 1899, in determining whether a corporation’s activities amounted to “doing business,” this Court found that the sale of the corporation’s products was as much an “exercise of ... corporate functions” as was the manufacture of the products. The Court went on to say that “[t]he disposition of products is ordinarily a function necessary to the continued operations of a manufacturing corporation.” International Cotton Seed Oil Co. v. Wheelock, 124 Ala. 367, 27 So. 517 (1899). This holding was reaffirmed in 1982 in Ex parte Harrington Manufacturing Co., 414 So.2d 74 (Ala.1982).
The Harrington opinion also cites the 1899 decision for the following proposition:
“Isolated transactions occurring prior to the suit are inconclusive to show a continuance of such business at the bringing of the suit. Continuity may be inferred, however, as existing at the time of suit from a course of business pursued before and proximately thereafter. International Cotton Seed Oil Co. v. Wheelock, [124 Ala. 367, 27 So. 517 (1899) ].” Ex parte Harrington Manufacturing Co., 414 So.2d at 76.
The activities of Peabody are sufficient to constitute “doing business” in Macon County for the purpose of finding proper *1130 venue there. The sale of Peabody products is a corporate purpose for which Peabody was created. While the particular sale of the “E Z Pack” unit to the City of Tuskegee may be viewed as an “isolated transaction,” Peabody’s business contacts in Macon County, through the sales efforts of Truck Equipment, occur with the regularity required to find continuity in those contacts. See Ex parte Joiner, 486 So.2d 402 (Ala.1986). See, also, Ex parte Jim Skinner Ford, Inc., supra; Ex parte Harrington Manufacturing Co., supra.
Peabody chose to exercise one of its primary corporate functions (viz., the sale of its products) through exclusive authorized distributors such as Truck Equipment. Peabody is able to receive benefits resulting from Truck Equipment’s preparation of bids on Peabody products. Now that Peabody has been required to account for alleged deficiencies in its product, it cannot claim “improper venue” based on insufficient contacts with a county where its product is regularly represented by its own authorized distributor.
Furthermore, we note that Peabody’s independent-contractor argument, taken to its logical conclusion, would result in a situation where even Peabody’s corporate acts in Jefferson County would fall short of meeting the venue test of doing business by agent in that county. Surely, it is not the intent of the law to permit a foreign corporation, which concedes the issue of venue in the county of its “authorized agent’s” principal place of business, to contest venue in another county where that agent transacts business on that corporation’s behalf, when there exists no difference in the extent or type of business done in the two counties. Put another way, Peabody cannot claim that its “agency” relationship with Truck Equipment in Jefferson County is any different from its “agency” relationship with Truck Equipment in Macon County.
Because we find that Peabody was “doing business” in Macon County at the time this lawsuit was filed, we also find that the trial court did not err in denying Peabody's motion to dismiss or to transfer. The writ of mandamus to compel the trial court to dismiss or to transfer the cause is hereby denied.
WRIT DENIED.
MADDOX, ALMON, SHORES, BEAT-TY, ADAMS, HOUSTON and STEAGALL, JJ., concur.

. Peabody concedes that it is doing business in Jefferson County through its authorized dealer, Truck Equipment, whose principal place of business is in Birmingham. Peabody also concedes that it is doing business in Montgomery County, the address of its registered agent for service of process.

. The relevant portion of Article 12, § 232, states: "No foreign corporation shall do any business in this state without having at least one known place of business and an authorized agent or agents therein.... Such corporation may be sued in any county where it does business, by service of process upon an agent anywhere in the state. ..."

.The relevant portion of § 6-3-7 states: “A foreign corporation may be sued in any county in which it does business by agent_”