**CONDON–CUNNINGHAM CO. v. CATERPILLAR TRACTOR CO. et al.**
**Civil Action No. 2—46.**

District Court, D. Nebraska,
Omaha Division.

Feb. 4, 1946.

Fraser, Connolly, Crofoot & Wenstrand, of Omaha, Neb., for plaintiff.

Monsky, Grodinsky, Marer & Cohen, of Omaha, Neb., for defendant Cliff Miller Machinery Co.

Kennedy, Holland, DeLacy & Svoboda, of Omaha, Neb., for defendant Caterpillar Tractor Co.

DONOHOE, District Judge.

The plaintiff, a co-partnership, filed an action against Caterpillar Tractor Company, a foreign corporation, and Cliff Miller Machinery Company, a co-partnership. The suit is an action for specific performance of a contract claimed to have been breached. Service of summons on the defendant corporation was by service of a summons on Mr. Thomas R. Clark, claimed to be a managing agent, under the provisions of Section 25-511, Revised Statutes of Nebraska, 1943.

The defendant has filed its special appearance challenging the jurisdiction of the Court on the grounds that the Caterpillar Tractor Company, at the time of the service, was not doing business in the State of Nebraska, and that Mr. Clark was not a managing agent of the company within the meaning of the statute. Upon a hearing on the special appearance, counsel for the plaintiff stipulated that the question would be submitted solely upon the activity of Mr. Clark, and in support of his contention reliance is had principally on the case of Frene v. Louisville Cement Co., 77 U.S.App.D.C. 129, 134 F.2d 511, 515, 146 A.L.R. 926. In that case, Judge Rutledge, in his opinion, reviews and considers exhaustively the many decisions on the subject from various courts. The study is exhaustive and no good purpose can now be served in a review of the cases which he cites.

In the opinion the principle is recognized that activity on the part of an agent in the nature of "mere solicitation" of business within the borders of the foreign sovereignty may not be a basis for acquiring jurisdiction of a foreign corporation. The decision of the Court, however, is based on the more recent doctrine of "solicitation plus."

Note the following language of the Judge:

"It is now recognized that maintaining many kinds of regular business activity constitutes 'doing business' in the jurisdictional sense, notwithstanding they do not involve concluding contracts. In other words, the fundamental principle underlying the 'doing business' concept seems to be the maintenance within the jurisdiction of a regular, continuous course of business activities, whether or not this includes the final stage of contracting. Consequently it is not clear that if, in addition to a regular course of solicitation, other business activities are carried on, such as maintaining a warehouse, making deliveries, etc., the corporation is 'present' for jurisdictional purposes. And very little more than 'mere solicitation' is required to bring about this result."

I quote again from the learned Judge:

"It would seem, therefore, that the 'mere solicitation' rule should be abandoned when the soliciting activity is a regular, continuous and sustained course of business, as it is in this case. It constitutes, in the practical sense, both 'doing business' and 'transacting business,' and should do so in the legal sense. Although the rule has not been clearly and expressly repudiated by the Supreme Court, its integrity has been much impaired by the decisions which sustain jurisdiction when very little more than 'mere solicitation' is done."

It will be observed from the language just quoted that the soliciting activity was regular, continuous and sustained in the course of business as disclosed from the evidence in the case, and it was because of these facts that the decision turned against the defendant.

In the case at bar Mr. Clark entered the employ of the tractor company as a district representative in territory comprising the State of South Dakota, the eastern part of Nebraska, and about three-fourths of the State of Iowa. Since the time of his employment the defendant tractor company had two distributors in its Nebraska territory, one in Omaha, and the other in Lincoln. He carries no business card and has not had one since his last employment. He has no place of business. He and his wife have an apartment in the Blackstone Hotel in the City of Omaha, which constitutes their home. The future plans provide for agricultural deal-

ers, but there are none such presently designated in the Nebraska territory. The district representative is on a straight salary basis and no part of his compensation is determined by the amount of the sales of the Caterpillar Tractor Company products. The Caterpillar Tractor Company does not maintain an office of any kind or character in the State of Nebraska, nor has it been at any time listed in any telephone directory or any city directory at any place within the state; neither the tractor company nor the representative have any stock of merchandise, parts, or other personal or real property within the state; the special representative does not have nor assume to exercise any authority to accept or reject orders; he does not assume to exercise any authority to grant, extend or reject any credit or debit memorandum, nor does he exercise any authority in the matter of drawing checks, drafts, bills of lading, or other negotiable instruments; he does not have, nor does he attempt to exercise, any authority to compel a distributor or dealer of the Caterpillar Tractor Company to do any act or thing whatsoever. According to the evidence, his sole function is in the nature of an inspector or observer, whose duties are to transmit to his superior officers useful information pertaining to the company's business, to make recommendations, enthuse and advise the distributors, and to attempt to arouse enthusiasm and create good will for the company and its representatives. In keeping with that purpose, it has been his practice to counsel and advise with the distributors pertaining to the type and size of machine that should be recommended for particular work, and to travel with and encourage and assist the distributor in securing contracts.

These facts fall far short of bringing this case within the rule of "solicitation plus" as announced by Judge Rutledge.

We are persuaded that the special appearance must be sustained and it is so ordered.

Counsel for the plaintiff has stated to the Court that if the ruling on the special appearance should be against his client, he would confess the motion of the defendant, Cliff Miller Machinery, to remand to the state court. Consequently, the motion is sustained and the cause is remanded at the plaintiff's costs.