## ANDERSON v. PAGE & HILL HOMES, Inc.
### Civ. No. 1956.

United States District Court
D. North Dakota, S. E. D.
Jan. 20, 1950.

Lanier & Lanier, Fargo, North Dakota, for plaintiff.

Raymond D. Black, of the firm of Morley, Cant, Taylor & Haverstock, Minneapolis, Minnesota, for defendant.

VOGEL, District Judge.

This is an action for damages for breach of contract. The plaintiff is a citizen and resident of the State of North Dakota. The defendant is a foreign corporation, being incorporated under the laws of the State of Minnesota. The amount sued for is in excess of $3,000.00, exclusive of costs. Service of the summons and complaint on the defendant is claimed to have been made by serving one Maurice Diehl, who is alleged to be the agent of the defendant, engaged in the defendant's business within the State of North Dakota. The defendant has appeared specially, objects to the jurisdiction of the Court, and has moved for an order vacating and setting aside the purported service of the summons and complaint upon the ground that the defendant is a foreign corporation not subject to the jurisdiction of the United States District Court for the District of North Dakota. The motion was presented to the Court on the affidavits of witnesses, without testimony being taken, and upon the argument and briefs of respective counsel.

The affidavits show that the defendant is a Minnesota corporation engaged in the manufacture and sale of prefabricated houses. The defendant has a representative, Maurice Diehl, who resides in the City of Minneapolis, Minnesota, and who is employed to travel through the States of North and South Dakota for the purpose of establishing dealer-builders in those states for the defendant. Diehl's duties are limited to the establishment of such dealer-builders for the defendant in the states referred to. He is without power to approve orders, approve dealer-builder's contracts, make contracts or legally commit the defendant corporation in any other way. As a representative of the defendant, his duties are to establish dealer-builders for the defendant subject to the rejection or approval of the home office of the defendant, and no such contracts are binding upon the defendant until approved by its home office in Minnesota. The deal-er-builders established by Diehl and subsequently approved by the home office of the defendant are not agents of the defendant but are independent contractors. All merchandise shipped pursuant to orders taken by the dealers in North Dakota and accepted by the defendant in Minnesota is shipped directly to the dealers in the State of North Dakota from points outside of said state. Payment for the merchandise so shipped is made by the dealers directly to the office of the defendant in Minnesota. Diehl does not regularly receive payment for any merchandise of the corporation shipped into the State of North Dakota pursuant to orders from the dealer-builders. All payments made to Diehl as representative of the defendant for salary and expenses are sent to him from outside of the State of North Dakota. The defendant does not maintain an office, warehouse or store within the State of North Dakota and does not maintain any stock of goods therein. It does not maintain a bank account in the State of North Dakota and it does not own or lease any real property within the State of North Dakota. In some instances, but not as a general rule, Diehl receives and receipts for moneys due from dealers to the defendant.

On April 3, 1949, the plaintiff and the defendant entered into a contract in writing, under the terms of which the plaintiff had the exclusive privilege for the sale within Cass County, North Dakota, and Clay County, Minnesota, of prefabricated houses, known as Page and Hill Homes, manufactuered by the defendant. Plaintiff proceeded operating under the terms of the contract within the territory provided and built homes under the name "Nodak Home Builders", entered into advertising and took steps necessary to obtaining additional capital to operate the business in the territory covered by the contract.

It is alleged that subsequent to the execution of the contract and after the parties had commenced operation thereunder, the defendant, in violation of the terms thereof, entered into a second contract with Carl Ike and Son for the sale of ten Page

and Hill Homes within Cass County, North Dakota; that the plaintiff's profit on the sale of such ten homes would have amounted to the sum of $7,000.00, wherefore plaintiff claims that he was damaged in such amount.

It further appears that prior to the institution of this action, one of the attorneys for the plaintiff called the defendant's home office over long distance telephone and presented plaintiff's objection to the sale of the defendant's prefabricated houses in Cass County, North Dakota, through persons other than the plaintiff and claimed that such action constituted a breach of the contract between the parties. Plaintiff's counsel was advised that the defendant's Mr. Maurice Diehl, its representative, would come to Fargo to discuss the matter. Mr. Diehl did make a trip to Fargo for that purpose, but no satisfactory adjustment was made and Diehl was served with the summons and complaint while in the City of Fargo pursuant to the telephone call referred to and the arrangements made therein.

The defendant takes the position that it is not subject to the jurisdiction of the United States District Court for the District of North Dakota and that to allow the service of process made herein to stand would be a violation of the due process clause of the Fourteenth Amendment to the Constitution. Rule 4(d)(3) of the Rules of Civil Procedure, 28 U. S.C.A., provides that service of the summons and complaint may be made as follows:

"(3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, *or to any other agent authorized* by appointment or *by law to receive service of process* and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." (Emphasis supplied.)

Section 28-0608 of the North Dakota Revised Code of 1943, provides:

"28-0608. FOREIGN CORPORATION WITHOUT AUTHORIZED AGENT; SERVICE OF SUMMONS UPON. In a case where a foreign corporation, joint stock company, or association shall not have appointed a lawful attorney upon whom service of process in a civil action may be made and such foreign corporation, joint stock company, or association cannot be served personally with such process according to the provisions of section 28-0607, *service thereof may be made on any person who shall be found within this state acting as the agent of, or doing business for, such corporation,* joint stock company, or association. *But the service provided for in this section can be made upon a foreign corporation,* joint stock company, or association *only when it has property within the state or when the cause of action arose therein.*" (Emphasis supplied.)

The defendant had no person within North Dakota designated as its agent for service of process, and Diehl is not such an officer of the corporation as is contemplated by Section 28-0607 of the North Dakota Revised Code of 1943. Plaintiff's counsel, however, direct attention to the fact that Diehl, who was the person served, was acting as the agent of the defendant and was doing business for the defendant within the State of North Dakota and that the cause of action arose within the State of North Dakota. They rely in part on Wheeler v. Boyer Fire Apparatus Co., 63 N.D. 403, 248 N.W. 521, which they claim is squarely in point, and Ellsworth v. Martindale-Hubbel Law Directory, 65 N.D. 297, 258 N.W. 486.

■■ The facts as they have been presented by affidavit seem to clearly indicate that the defendant was doing purely an interstate business within the State of North Dakota, but, as was said by the United States Supreme Court in the case of International Harvester Co. v. Kentucky, 234 U.S. 579, at page 587, 34 S.Ct. 944, at page 946, 58 L.Ed. 1479:

"The contention comes to this: so long as a foreign corporation engages in interstate commerce only, it is immune from the service of process under the laws of the state in which it is carrying on such

business. This is indeed, as was said by the Court of Appeals of Kentucky, a novel proposition, and we are unable to find a decision to support it, nor has one been called to our attention.

True, it has been held time and again that a state cannot burden interstate commerce or pass laws which amount to the regulation of such commerce; but this is a long way from holding that the ordinary process of the courts may not reach corporations carrying on business within the state which is wholly of an interstate commerce character. Such corporations are within the state, receiving the protection of its laws, and may, and often do, have large properties located within the state. * * *

* * * * * *

We are satisfied that the presence of a corporation within a state necessary to the service of process is shown when it appears that the corporation is there carrying on business in such sense as to manifest its presence within the state, although the business transacted may be entirely interstate in its character. In other words, this fact alone does not render the corporation immune from the ordinary process of the courts of the state."

In order to sustain the service of process herein, this Court must find on the record submitted that while the defendant was engaged solely in business of an interstate nature, that such business was of such a nature and of such a continuous course as to justify the conclusion that the corporation itself was present within the State of North Dakota so as to be subject to the service of process therein. Each case must be bottomed on and decided solely on its own facts. We have no situations which are entirely identical. The conclusion that the defendant was present in the State of North Dakota and doing business therein in such fashion as to be subject to the laws of the State of North Dakota, if such conclusion is to be arrived at, must be determined solely from the record as it has been presented.

In the case of Wheeler v. Boyer Fire Apparatus Co., supra, upon which plaintiff's counsel so strongly rely, the agent upon whom service was made was a salesman who systematically and regularly solicited sales contracts from residents of the State of North Dakota, which contracts were executed in the name of the foreign corporation and, when accepted by the corporation, resulted in continuous shipments of manufactured products of such corporation from Indiana to North Dakota. The agent was authorized to make settlement in the name of the foreign corporation and it was his duty to promptly make collections in the name of the foreign corporation on all apparatus and equipment sold by him. It seems clear from that case that the foreign corporation's agent was doing business for the foreign corporation within the State of North Dakota, selling its products in its name, and making collections and effecting settlements thereon in such manner that the North Dakota Supreme Court properly concluded that the corporation was present there itself.

The facts in the Ellsworth v. Martindale-Hubbell Law Directory case, supra, are even stronger in favor of the presence of the foreign corporation doing business within the State of North Dakota, in that its representatives not only solicited the orders for its directory but they gathered material for the publication, made collections, investigations and reports on complaints and performed such other duties as are incidental to those generally described as "doing business" within a state.

In the instant case, the Page & Hill Homes' prefabricated houses are sold within the State of North Dakota by the plaintiff as "Nodak Home Builders". The plaintiff and other similar dealers are clearly independent contractors, not agents of the defendant. The prefabricated houses which they sell are their merchandise. They do not belong to the defendant nor does the defendant assist in their erection.

█ Counsel for the plaintiff direct attention to the fact that the cause of action alleged in plaintiff's complaint arose within the State of North Dakota, and that they are within the strict provisions of Section 28-0608 in their service

on the defendant's representative, Diehl. The North Dakota Supreme Court cases relied upon by counsel for the plaintiff, however, recognize that a state's right to make provision *for* service of process in such manner as its legislators see fit is limited by the due process clause of the Federal Constitution. See Ellsworth v. Martindale-Hubbell Law Directory, supra, 258 N. W. at page 488:

"The question presented by the motion to dismiss is referable to the due process clause of the Fourteenth Amendment to the Constitution of the United States. Accordingly, it is cognizable by the federal courts and must be considered in the light of the decisions of those courts."

In Wheeler v. Boyer Fire Apparatus Co., supra, 248 N.W. at page 524, the North Dakota Supreme Court quoted from the case of International Harvester Co. v. Kentucky, supra:

" 'It has been frequently held by this court, and it can no longer be doubted, that it is essential to the rendition of a personal judgment that the corporation be "doing business" within the state. St. Louis Southwestern R. Co. v. Alexander, 227 U.S. 218, 226, 33 S.Ct. 245, 57 L.Ed. 486, 488, Ann.Cas.1915B, 77, and cases there cited. As was said in that case, each case must depend upon its own facts, and their consideration must show that this essential requirement of judisdiction has been complied with, and that the corporation is actually doing business within the state.' "

Again 248 N.W. at page 525, the North Dakota Supreme Court, still quoting from the case of International Harvester Co. v. Kentucky, supra, stated:

" 'Here was a continuous course of business in the solicitation of orders which were sent to another state, and in response to which the machines of the Harvester Company were delivered within the state of Kentucky. This was a course of business, not a single transaction. The agents not only solicited such orders in Kentucky, but might there receive payment in money, checks, or drafts. They might take notes of customers, which notes were made payable, and doubtless were collected, at any bank in Kentucky. This course of conduct of authorized agents within the state in our judgment constituted a doing of business there in such wise that the Harvester Company might be fairly said to have been there, doing business, and amenable to the process of the courts of the state. * * *'

'In the case now under consideration there was something more than mere solicitation. In response to the orders received, there was a continuous course of shipment of machines into Kentucky. There was authority to receive payment in money, check, or draft, and to take notes payable at banks in Kentucky. * * *' "

The North Dakota Supreme Court, in Ellsworth v. Martindale-Hubbell Law Directory, supra, 258 N.W. at page 488 stated:

"It is clear that the mere solicitation of business within a state by an agent for a foreign corporation does not constitute engaging in business so as to make the corporation present there in the sense that is essential to a valid service of process upon it. Berger v. Pennsylvania Railroad Company, 27 R.I. 583, 65 A. 261, 9 L.R.A., N. S., 1214, 8 Ann.Cas. 941; Saxony Mills v. Wagner, 94 Miss. 233, 47 So. 899, 23 L.R. A.,N.S., 834, 136 Am.St.Rep. 575, 19 Ann. Cas. 199."

And 258 N.W. at page 489 of the same case:

"The statute, subdivision 6, § 7426, C.L. 1913, supra, (similar in its provisions to Section 28-0608, North Dakota Revised Code of 1943, with which we are here concerned) provides that where service of process cannot be otherwise made upon a foreign corporation 'it shall be lawful to serve such process on any person who shall be found within this state acting as the agent of, or doing business for, such corporation.' It follows that it is not material in the instant case whether those who acted for the defendant within this state are denominated agents or whether they are denominated representatives or solicitors. Certainly they were doing busi-

ness for the defendant if the defendant was engaged in business within the state. *Thus the material question is as to whether the defendant was engaged in business in the state within the meaning of the term 'doing business' as contained in the statute.*

The defendant insists that, at most, all that was done by its representatives within the state of North Dakota was the solicitation of subscriptions for it and such things as were incidental to such solicitation; that therefore service upon Jerome was not a valid service." (Emphasis supplied.)

And then 258 N.W. at page 490:

"In the instant case the action was brought in the state courts and the question is of the interpretation of the state statute and the jurisdiction of the state courts. *Furthermore, this is not a case where there was merely a solicitation of business for the defendant.* The agents not only took subscriptions for the defendant's publication, but they were engaged in gathering information that ultimately was digested and compiled. They collected accounts when it was necessary to do so. The defendant was not merely operating a printing establishment or engaged in printing and selling directories, it was gathering information from which it compiled these directories. It obtained this information through those who solicited the sale of directories. This information was essential to the defendant's business. It was, in a sense, its stock in trade. Without it the directories would have been of much less value. When complaint was made as to the character of this information, defendant's agents were required to investigate and report with respect thereto. What was done was done continuously as a matter of established business practice through a long period of years. These agents were in North Dakota not as casual visitors. They were there in the usual course of their employment and in the furtherance of the business of the defendant. The case is not one where there was merely an occasional and infrequent business transaction in North Dakota. So it seems to us that the defendant was doing business in this state within the sense of that term as used in

the statute. International Text-Book Company v. Pigg, 217 U.S. 91, 30 S.Ct. 481, 54 L.Ed. 678, 27 L.R.A.,N.S., 493, 18 Ann. Cas. 1103; International Harvester Company v. Kentucky, supra." (Emphasis supplied.)

So in the instant case the question is not merely whether or not the cause of action arose in North Dakota and whether Diehl was engaged in the defendant's business at the time service was made upon him. The question is whether or not the corporation was doing business within the state so that it could be said that it was present in North Dakota. It seems to this Court that the defendant's representative, Diehl, has done nothing more in the State of North Dakota than to solicit dealer-builders. The acceptance of dealer-builder contracts with the defendant had to be approved by the defendant's home office in Minnesota. Orders sent by dealer-builders in North Dakota for prefabricated houses had to be accepted and approved by the defendant in Minnesota. None of the evidence offered tends to the conclusion that the foreign corporation was ever present itself doing business in the State of North Dakota.

See Condon-Cunningham Co. v. Caterpillar Tractor Co., et al., D.C.Neb.1946, 64 F.Supp. 921.

Counsel for the plaintiff cite the very well considered opinion of Judge Coleman in Edgewater Realty Co. v. Tennessee Coal, Iron & Railroad Co., D.C.Md.1943, 49 F.Supp. 807. That case, however, is not support for the plaintiff's contention, in that the facts are entirely different. The court therein stated, 49 F.Supp. at page 815, as follows:

"So, shorn of all technical refinements, the question to be answered is simply this: May a corporation come into a State and directly participate, *not merely through its own representatives but with local labor employed by it, over the major portion of a year, in an essential part of the construction of a whole community of dwelling houses and then be heard to say that it has nevertheless not been 'doing business' in that State by reason of the fact that the material upon which it has expended this*

*labor has been brought, in a pre-fabricated condition, from another State?* We do not think so. We are not suggesting that the answer to this question is to be determined by any particular size of the local payroll any more than by a particular number of days or hours that the foreign corporation is engaged in work within the State. But if these items are of substantial size, as they were in the present case, we believe such is sufficient to constitute 'doing business'. Certainly, working off and on in an essential feature involved in the construction of a whole community of dwelling houses is quite different from erecting lightning rods, or installing an electric refrigerator, or assembling and testing a single ice-making plant." (Emphasis supplied.)

A reading of that entire opinion forces one to the conclusion that had it not been for local work in the construction of the houses by representatives of the foreign corporation and by local labor employed by it the court would have arrived at a contrary result.

█ Point is made of the fact that Mr. Diehl, in coming to Fargo and discussing the controversy between the parties herein, was acting as the agent for the defendant and thus was doing business within the state. If a corporation was not already "doing business" within the state, the presence of one of its officers or agents for the purpose of discussing the difficulties between the parties does not constitute doing business within the state so as to subject the corporation to service of process. See Consolidated Textile Corp. v. Gregory, 1933, 289 U.S. 85, 53 S.Ct. 529, 77 L.Ed. 1047.

It will be noted that Judge Donovan of Minnesota, in Myers Motors, Inc., v. Kaiser-Frazer Sales Corporation, D.C., 76 F.Supp. 291, held that the foreign corporation was not doing business within Minnesota to such an extent as would justify the conclusion that the foreign corporation was there present under facts which are a great deal stronger in favor of jurisdiction than are the facts presented in the instant case. In the case before Judge Donovan, the defendant had a number of employees within

the State of Minnesota, resident therein, one of whom was designated as regional manager, one as regional service manager, some of whose employees had an office in Minneapolis with office furniture and supplies, and an automobile owned by the defendant. In that case, Judge Donovan held that the defendant was not doing business in Minnesota to such extent as would justify the inference that the defendant was present therein. It is true that in a later case before Judge Nordbye of Minnesota, and involving the same parties, Judge Nordbye held that the defendant was present within the State of Minnesota and denied the attack on jurisdiction. See Myers Motors, Inc., v. Kaiser-Frazer Sales Corporation, D.C., 80 F.Supp. 18.

It is clear from a reading of the two cases, however, that by the time the matter was presented to Judge Nordbye the defendant had greatly increased its business and established its organization within the State of Minnesota to the extent that it had numbers of employees, an office bearing its name, a number of automobiles licensed in its name in the State of Minnesota, that it carried a bank account in Minnesota, and clearly was doing business therein to the extent that the corporation was present in Minnesota and therefore subject to service of process therein. A reading of the two opinions justifies the denial of jurisdiction in the first and the sustaining of service of process in the second.

The two North Dakota cases relied on by counsel for the plaintiff are clearly distinguishable. No case cited to the Court goes so far as to sustain the service of process under facts comparable to those presented by the parties' affidavits.

Counsel for the plaintiff refer to the injustice of forcing a resident of the State of North Dakota to go to a foreign jurisdiction to litigate his rights against a foreign corporation with whom he has done business. They refer to the question of which party could best bear the expense and withstand the hardships of litigation. The argument is without force, certainly in this particular instance, because the contract alleged in plaintiff's complaint shows that the plaintiff himself was also doing busi-

ness within the State of Minnesota, the state of residence of the defendant, and plaintiff has access there to either the state or the federal courts.

Accordingly, defendant's motion will be granted.

It will be so ordered.