## CLAPPER MOTOR CO.

v.

## ROBINSON MOTOR CO. et al.

### No. 1510.

United States District Court
D. Montana, Great Falls Division.

Feb. 13, 1954.

Stanley M. Doyle, Polson, Mont., Horace W. Judson, Cut Bank, Mont., for plaintiff.

H. C. Hall, Edw. C. Alexander, Howard C. Burton, Great Falls, Mont., for defendant Willys-Overland Motors, Inc.

PRAY, Chief Judge.

The court has had under consideration a motion to quash the service of summons on the defendant, Willys-Overland Motors, Inc., a foreign corporation, in the above-entitled cause, which was submitted on affidavits and briefs filed by counsel for the respective parties.

The defendant corporation was organized under the laws of Delaware and has its principal office and place of business in the City of Toledo, Ohio. The Montana Code provision cited by plaintiff, R.C.M.1947, § 93–3008, Rev.Codes 1935, § 9112, is that when an action is pending in any court "against a corporation organized under the laws of any other state or country that is actually doing business within the state of Montana, or that was actually doing business within this state at the time the said action arose", although it had not yet filed its charter and was not qualified to do business in the state, and had no officer or agent therein for service of summons, the clerk may make an order, supported

by an affidavit setting forth the material facts, and directing service of process on the Secretary of State of Montana. This was the kind of service of summons made on the defendant corporation in this case. A special appearance was entered by said defendant and solely for the purpose of the motion.

The question for determination here seems to be whether the defendant, being a foreign corporation, has been properly served, and whether the service is valid, and that will depend on whether the corporation was doing business in such manner and to such extent as to justify the inference that, through its agents, it was present in the state and actually doing business therein. And to solve that question the court must resolve and weigh the facts in this particular case.

It was held in one federal case that the mere solicitation of business in a foreign state is insufficient to subject corporation to service of process, though authorized agent maintains an office within the state and occasionally makes collection of overdue accounts. Also in the same case it was held that: "Where a foreign automobile corporation had no office in Massachusetts, its agents therein had no authority to bind corporation by contracts, make collections, or adjust claims, and its officers and agents resold automobiles exhibited in Massachusetts automobile show to dealers other than dealer to whom they had been consigned, corporation was transacting business in Massachusetts, but was not 'doing business in Massachusetts to such extent as to be subject to service of process' in suit brought in federal District Court for Massachusetts." Hinchcliffe Motors v. Willys-Overland Motors, D.C., 30 F.Supp. 580, and authorities cited therein. This was a much stronger case on the facts for the plaintiff than the present case, and the defendant's motion to quash and dismiss was allowed.

The court has been endeavoring to reach a correct decision in this case by analysis and comparison of the facts with other decided cases much alike in nearly all respects, except on the particular state of facts bearing on the question of doing business and actually being present in the foreign state for that purpose. In the case of Myers Motors, Inc. v. Kaiser-Frazer Sales Corp., D.C., 76 F.Supp. 291, very much like the present case, except stronger from the plaintiff's standpoint, Judge Donovan sustained the defendant's motion to quash service of summons; briefly the facts disclosed in that case that the defendant had a regional manager and regional service manager with office in Minneapolis and had the use of defendant corporation's automobile, but had no bank account and made no sales in Minnesota, and the court concluded that jurisdiction could not be had of company in personal action against it by service of process upon its regional manager.

In another case between the same parties above cited, the defendant's motion to quash and set aside service of summons came before Judge Nordbye, District Judge, at Duluth, Minnesota, in the same kind of case as the one in which Judge Donovan presided, but the facts in support of the plaintiff's position as opposed to the motion were so much stronger than the case presented to Judge Donovan that in the opinion of Judge Nordbye it was clearly established that the defendant was doing business through its managers and agents in Minnesota, D.C., 80 F.Supp. 18, but no such state of facts is shown to exist in the instant case.

Judge Vogel, District Judge in North Dakota, in the case of Anderson v. Page & Hill Homes, Inc., D.C., 88 F.Supp. 408, 414, having a motion to quash service of summons on a foreign corporation for consideration, under a similar state of facts, discusses his own case and compares it with the two Minnesota cases above named, as follows:

"It will be noted that Judge Donovan of Minnesota, in Myers Motors, Inc. v. Kaiser-Frazer Sales Corporation, D.C., 76 F.Supp. 291, held that the foreign corporation was not doing business within Minnesota to

such an extent as would justify the conclusion that the foreign corporation was there present under facts which are a great deal stronger in favor of jurisdiction than are the facts presented in the instant case. In the case before Judge Donovan, the defendant had a number of employees within the State of Minnesota, resident therein, one of whom was designated as regional manager, one as regional service manager, some of whose employees had an office in Minneapolis with office furniture and supplies, and an automobile owned by the defendant. In that case, Judge Donovan held that the defendant was not doing business in Minnesota to such extent as would justify the inference that the defendant was present therein. It is true that in a later case before Judge Nordbye of Minnesota, and involving the same parties, Judge Nordbye held that the defendant was present within the State of Minnesota and denied the attack on jurisdiction. See Myers Motors, Inc. v. Kaiser-Frazer Sales Corporation, D. C., 80 F.Supp. 18.

"It is clear from the reading of the two cases, however, that by the time the matter was presented to Judge Nordbye the defendant had greatly increased its business and established its organization within the State of Minnesota to the extent that it had numbers of employees, an office bearing its name, a number of automobiles licensed in its name in the State of Minnesota, that it carried a bank account in Minnesota, and clearly was doing business therein to the extent that the corporation was present in Minnesota and therefore subject to service of process therein. A reading of the two opinions justifies the denial of jurisdiction in the first and the sustaining of service of process in the second.

"The two North Dakota cases relied on by counsel for the plaintiff are clearly distinguishable. No case cited to the Court goes so far as to sustain the service of process under facts comparable to those presented by the parties' affidavits.

"Counsel for the plaintiff refer to the injustice of forcing a resident of the State of North Dakota to go to a foreign jurisdiction to litigate his rights against a foreign corporation with whom he has done business. They refer to the question of which party could best bear the expense and withstand the hardships of litigation. The argument is without force, certainly in this particular instance, because the contract alleged in plaintiff's complaint shows that the plaintiff himself was also doing business within the State of Minnesota, the state of residence of the defendant, and plaintiff has access there to either the state or the federal courts.

"Accordingly, defendant's motion will be granted."

As it appears to the court, the most that can be gleaned from the affidavits filed in the present case on the subject of the defendant corporation "doing business" in the State of Montana, in such a manner and to such an extent as would make it amenable to service of summons in a civil action, the facts appear to be about as follows: The plaintiff in the action and the distributor, Robinson Motor Company, one of the defendants herein, had theretofore entered into a written contract for the handling and sale of automobiles and accessories manufactured by the Willys-Overland Motors, Inc., in Toledo, Ohio, which was its principal place of business; the contract which was made a part of the complaint filed herein provided that the defendant corporation would not be a party to the contract but such contract was required to have its approval; the distributor, an independent concern, purchased the motor vehicles and automotive parts from the defendant at its place of business in Toledo, Ohio, and sold them to the dealer at Cut Bank, Montana, the plaintiff

aforesaid, and the dealer paid the distributor therefor; the defendant corporation had no office or place of business in Montana; owned no property in Montana, either real or personal; had no bank account or monies or funds on deposit in the State of Montana; its name was not listed in telephone directory or other directory; had no Montana address; all vehicles and automotive parts were purchased by distributor in and paid for in Toledo, Ohio, and thereafter sold to the dealer, appointed by it, who sold to the public; the representatives who came to Montana from defendant corporation to visit the distributors and dealers had no authority from said corporation to sell any cars or parts, or collect any money or maintain any office or place of business, or hold themselves out as district managers or sales managers; their duties seemed to be to visit the distributor and dealer and note and report to the defendant corporation their methods of doing business, what progress they were making, whether they were gaining or losing ground in their manner of carrying on the business; what improvements, if any, could be suggested that would be more in accord with the general policy of conducting the business in which the defendant corporation was engaged at Toledo, Ohio.

These seem to be the principal material facts confronting the court in this case; there are some other questions raised by plaintiff such as the alleged threat of suit for use of the Willys-Overland authorized dealer sign after the contract had been cancelled, the approval by defendant corporation of the contract between the dealer and the distributor, and a meeting of dealers and distributors with representatives of the said corporation in Great Falls which seemed to resemble a school of instruction, but the court regards these matters of minor significance when considered in connection with the real question involved—that of doing business in Montana and actually being present here for that purpose. This question has been considered and decided by the courts in many cases throughout the Country; some of them have been cited by counsel in their briefs and have been read and studied by the court, with other cases that have been found.

After careful consideration of the law and the facts, and especially in respect to the four authorities above cited, this court is of the opinion that Judges Brewster, Donovan, Nordbye and Vogel were correct in their decisions in the respective cases cited, and this court feels equally confident on being correct in its decision in sustaining the motion to quash service of summons in this case, and such is the order of the court herein. Exceptions allowed counsel.