NORDGREN

v.

EVIS–NORTHWEST, DIVISION OF
NORTHWEST INDUSTRIAL
SERVICE CORP. et al.
Civ. No. 4764.

United States District Court,
D. Minnesota, Fourth Division.
April 29, 1954.

Hall, Smith & Hedlund, Minneapolis, Minn., for plaintiff.

Covell & Bachelder, Minneapolis, Minn., for all defendants except James E. Sherman.

Richard J. Parish, Robbinsdale, Minn., for defendant Sherman.

JOYCE, District Judge.

This matter is before the court upon motions to dismiss for lack of jurisdiction and in the alternative, as to some of the defendants as will more fully appear hereafter, to quash service of the summons.

As shown by the complaint the action is one by plaintiff, a resident of Minnesota, against the manufacturer and certain distributors of a product known as the Evis Water Conditioner, a device, as the name implies, intended to be incorporated in water supply lines which purports to alter the physical characteristics of the water passing through so as to give the effects of soft or mineral-free water.

Plaintiff alleges that by reason of certain fraudulent representations he was induced to agree to promote, sell and distribute the Evis Conditioner in a territory within the State of Minnesota and expend money for such purpose and by reason of the claimed misrepresentations he suffered a loss of his investment.

Service of summons and complaint was purportedly made on all defendants by delivery to the defendant James E. Sherman on January 12, 1954 for himself and as the agent and representative for service of each of the other defendants.

Ignoring certain confusion in names appearing in the caption of the case the defendants in addition to Sherman are four corporations. The first is Evis Manufacturing Company, a California corporation and the manufacturer of the device. Second is Northwest Industrial Service Corporation, a Washington corporation, sometimes referred to as Evis-Northwest, which at the time here material had an informal contract with the manufacturer for sale and distribution of the product in several states including the State of Minnesota. Another is Evis North Central Incorporated, a Wyoming corporation formerly known as Wydak-Sales Company which held a contract from Evis-Northwest for exclusive sale of the product in Minnesota until the same was terminated on September 4, 1953. The fourth corporation is Evis North Central, Inc., a Minnesota corporation formed in August 1953 and which became the exclusive distributor in Minnesota under contract with the Washington corporation commencing September 4, 1953 and remained such until January 12, 1954, when the contract was terminated.

Defendant Sherman's connection with the other defendants commenced in January of 1953 when the Wyoming corporation employed him as a salesman to sell the product in Minnesota on a commission basis. This employment terminated on August 15, 1953. He and others then formed the Minnesota corporation and he was employed as its vice-president on a full time basis until January 15, 1954 when his connection with that corporation ceased.

■ It is conceded that no diversity of citizenship exists as between the plaintiff and the defendants Sherman and Evis North Central, Inc., and the action must be and is dismissed as to them. Strawbridge v. Curtiss, 3 Cranch. 267, 7 U.S. 267, 2 L.Ed. 435. Since there is no contention that such defendants are indispensable parties, dismissal as to them restores the requisite diversity of citizenship. Horn v. Lockhart, 17 Wall. 570, 84 U.S. 570, 21 L.Ed. 657.

The remaining defendants have separately moved for dismissal on the ground they were not doing business in Minnesota at the time the summons was served, had not expressly appointed an agent to receive service and accordingly are not amenable to suit here, and in the alternative to quash the return of service on the ground Sherman was not an agent or representative authorized in fact or in law to receive service on their behalf.

■ With reference to the requirement of "doing business" the general test of due process is whether the defendant's operations: "* * * establish sufficient contacts or ties with the state of the forum to make it reasonable and just according to our traditional conception of fair play and substantial justice to permit the state to enforce the obligations which appellant has incurred there." International Shoe Co. v. Washington, 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95. Although the above decision represents a liberalization in approach, it is still necessary to examine precedent as to the particular contacts or ties which may be considered sufficient to permit assumption of jurisdiction.

In the present case the plaintiff asserts these contacts are found in operations in Minnesota consisting primarily of the activities of the local distributor and its officer Sherman. There is of course no question but that they were engaged in business in Minnesota, so that the basic question is whether their relationship to the other defendants is such that their activities can be charged to the other defendants or considered in connection with whether they were doing business here. In this connection it is necessary to briefly examine the business contacts of the various defendants.

The California corporation manufactured the product there and sold to the Washington corporation receiving payment therefor at San Francisco. It retained no control over the selection of agents or distributors within its territory by the Washington corporation. In turn the Washington corporation sold to the Minnesota distributor as required and received payment at Seattle. The Washington corporation retained no control over the Minnesota distributor as to its selection of agents, distributors or other outlets. When the Minnesota corporation acquired the distributorship in Minnesota, its agreement with the Washington corporation provided for the establishment by the Washington corporation of the resale price, a right to terminate the franchise upon failure to dispose of a quota of the product and obligated the Minnesota corporation to refrain from dealing in any similar product.

■ It is apparent that the above terms of agreement are those which are customary in distributorship relationships and there is nothing found there or in the course of dealing between the parties which transforms the Minnesota corporation into the agent of the Washington and California corporations. The distributor remained an independent contractor and as such its activities are not ascribable to its foreign supplier. Truck Parts, Inc., v. Briggs Clarifier Co., D.C.Minn., 25 F.Supp. 602; Clapper Motor Co. v. Robinson Motor Co., D.C.Mont. 119 F.Supp. 79.

■ As to the defendant Evis North Central Incorporated, the Wyoming corporation, the plaintiff admits that it ceased to be a distributor on September 4, 1953, and there is no showing that it ever had any connection with the Minnesota corporation. Since Sherman ceased to be its employee on August 15, 1953, which was well before the service of summons in this case, he was not a proper agent for service on such defendant, Johnson v. Black Diamond Lines, E.D. Pa., 36 F.Supp. 721, nor could defendant under any circumstances be considered to be doing business in the state. Dismissal as to this defendant is conceded by plaintiff to be proper and will be granted.

As to the remaining two defendants plaintiff points, in addition to the transaction of business in Minnesota by the local distributor, to certain actions by these defendants which it contends indicates that the local distributor was in fact an agent and also constitute direct activities by the defendants sufficient to constitute the doing of business here. There was correspondence between Sherman and the manufacturer with reference to technical problems of installation and operation of the water conditioner. In addition the manufacturer supplied Sherman with copies of correspondence with others in Minnesota who had inquired with reference to the product. Similarly the Washington corporation and Sherman corresponded with reference to such problems. Representatives of the Washington corporation called on Sherman in Minnesota in connection with such problems and inspected certain installations on those occasions, and the corporation supplied Sherman with advertising literature and advertising mats. The manufacturer on one occasion sent its service engineer into Minnesota for a period of four days where he consulted with Sherman and other distributors, and on one occasion Sherman was requested to employ a private investigator on behalf of the corporation to report on certain publications adverse to the product.

None of the above actions is sufficient to show that Sherman or the Minnesota corporation were agents or under the control of either defendant. The facts in the present case are readily distinguishable from those found in Bach v. Friden Calculating Machine Co., Inc., 6 Cir., 167 F.2d 679, and other similar cases where the local representative, although designated a distributor, is in fact and substance a soliciting agent for the foreign corporation.

Such of the above actions as bear upon the question of the doing of business in Minnesota were the usual activities indulged in by manufacturers or primary distributors in assistance of local distributors or dealers. It should be noticed in this connection that neither defendant had a continuing or established organization in Minnesota designed to promote sales or provide service or other assistance to dealers. Neither defendant owns property, maintains a business establishment or bank account, employs an agent on a continuing basis, or has otherwise localized any such activities in Minnesota. Such of defendants' representatives as were present were in Minnesota on a casual and discontinuous basis.

In Myers Motors v. Kaiser-Frazer Sales Corporation, D.C.Minn., 76 F. Supp. 291, where the defendant had a regional manager and a regional service manager who officed in Minneapolis and had the use of defendant's automobiles, but made no sales in Minnesota and maintained no bank account nor owned other property here, Judge Donovan held the corporation was not doing business in Minnesota and sustained a motion to quash service. Later when the number of employees engaged in sales promotion, service and other assistance to dealers was greatly increased so that their activities were continuous and substantial, although such employees still did no selling in Minnesota, Judge Nordbye in Myers Motors v. Kaiser-Frazer Sales Corporation, D.C.Minn., 80 F. Supp. 18, held the same corporation under changed conditions amenable to suit here.

In Anderson v. Page & Hill Homes, Inc., D.C.N.D., 88 F.Supp. 408, Judge Vogel held that the presence of one agent engaged in the establishment of retail outlets within North Dakota, subject to the approval of his employer, a foreign corporation, was not sufficient to subject such corporation to suit in that state.

Similarly, Judge Pray in Clapper Motor Co. v. Robinson Motor Co., D.C. Mont., 119 F.Supp. 79, after discussing the above cases, granted a motion to quash where the representatives of the

manufacturer were in the State for the purpose of visiting distributors and dealers to report upon their manner of doing business and suggesting improvements in that regard but had no authority to sell or collect payments, and maintained no local office. Such representatives had participated in at least one convention or meeting of such dealers and distributors.

In view of the above decisions it does not appear that the isolated and sporadic activities found in the present case afford a sufficient contact with the State to permit a finding of jurisdiction here.

What has been said above with reference to the fact that Sherman and the Minnesota corporation were not agents of nor subject to the control of the other corporate defendants also is determinative of the fact that Sherman was not a proper agent for service within the meaning of Rule 4(d)(3), Federal Rules of Civil Procedure, 28 U.S.C.A.

Accordingly, it is ordered that the action should be and the same is hereby dismissed to all named defendants.